Thelma E. DAVIS et al., Appellants,

v.

COUNTY OF LUBBOCK, Appellee.

No. 8296.

Court of Civil Appeals of Texas,
Amarillo.

Sept. 11, 1972.

Bobby D. Allen, Lubbock, for appellants.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellee.

REYNOLDS, Justice.

Suit brought against the County of Lubbock to recover money damages for wrongful death within the purview of the Texas Tort Claims Act, Tex.Rev.Civ.St.Ann. art. 6252–19 (1970), was decided summarily in favor of the county upon the trial judge's determination that the petition failed to state a cause of action. Plaintiffs challenge the determinate summary judgment. Affirmed.

Lonnie Melton, while lawfully charged of a crime and incarcerated in the hospital wing of the Lubbock County jail, committed suicide by hanging himself with his

belt. Plaintiffs, claiming the status of heirs of the decedent, brought this suit against Lubbock County by authority of the Texas Tort Claims Act, alleging that Melton's death was caused wrongfully by the negligence of the County of Lubbock acting by and through its sheriff's department. The specific culpable allegations are that the sheriff's department, having knowledge of and being fully informed as to Melton's suicidal tendencies, negligently failed to (1) follow its usual and customary practice and take Melton's belt from him, (2) provide adequate supervision of the prisoner, (3) confine him where he could not harm himself, and (4) provide for his safety, each of which was a proximate cause of Melton's death. Lubbock County answered and, admitting as true for the purpose of summary disposition the facts stated in plaintiffs' petition and damage to them, but not the amount, filed its motion for summary judgment on the basis that plaintiffs' petition failed to state a cause of action against Lubbock County. Following a hearing, the trial judge found that the petition failed to state a cause of action under the Texas Tort Claims Act, granted Lubbock County's motion, and entered summary judgment for the county against the plaintiffs. The propriety of the trial judge's action is properly before this court for consideration.

■ Absent a constitutional or statutory provision imposing responsibility, Texas and its local governmental units generally are immune from liability for the tortious conduct of their officers, employees and agents. Texas Highway Department v. Weber, 147 Tex. 628, 219 S. W.2d 70 (1949). Although liability for proprietary functions wrongfully performed has been engrafted judicially on the doctrine of governmental immunity, governmental functions—e. g., police and fire protection—continue exempt from the responsibilities of respondeat superior except to the extent that immunity has been waived by the Texas Tort Claims Act. University of Texas: Greenhill and Murto, Govern-

mental Immunity, 49 Texas L.Rev. 462 (1971).

■ The Texas Tort Claims Act expressly waives, subject to certain exemptions and exclusions, the governmental function immunity for all units of government and, to the extent of the waiver, grants consent to sue for money damages for personal injuries or death. The waiver granted and the consent given are, under Section 3 of the Act, for personal injuries or death caused by the negligent or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising out of the operation or use of publicly owned motor-driven vehicles, premise defects, and some condition or some use of tangible property, real or personal, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the laws of Texas. However, Section 14(9) of the Act expressly dictates that the waiver of sovereign immunity shall not apply to "(a)ny claim based on . . . death connected with any act or omission . . . arising out of the failure to provide, or the method of providing, police . . . protection." Thus, the Act does not waive the common law immunity attached to the governmental exercise of police power.

■ From any analytical perspective, the pleaded and admitted causal negligent acts are embraced within the exemption extended to Lubbock County "arising out of the failure to provide, or the method of providing, police . . . protection." Consequently, the allegations contained in plaintiffs' petition fail to charge against Lubbock County a cause of action provided within the permissible perimeter established by the Texas Tort Claims Act, and the resultant summary judgment was a proper disposition of the suit. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971), note 1 at page 543.

The trial court's summary judgment is affirmed.