

# THE ATTORNEY GENERAL OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 18, 1974

The Honorable W. J. Estelle, Jr.
Director
Texas Department of Corrections
Huntsville, Texas 77340

Opinion No. H- 261

Re: Authority of Department of Corrections to transport prisoners to legislative hearing and liability for criminal acts by inmate

Dear Mr. Estelle:

Your Department has been asked to transport twelve inmates to Austin for the purpose of appearing before the Joint Committee on Prison Reform. You have declined to comply with this request and have asked for our opinion on two questions:

> 1. Under what authority can the Texas Department of Corrections transport inmates to Austin for the purpose of appearing before the Joint Committee on Prison Reform?
>
> 2. What is the liability of the Board of Corrections and its agents in the event an inmate commits a criminal act under such conditions?

Your inquiry raises the issues of the committee's authority to request your co-operation in bringing prisoners to testify, and of your obligation to comply with such a request, even if authority to so transport prisoners exists.

The Joint Committee on Prison Reform was set up to "study needed reforms in the Texas system of imprisonment of convicted persons with the purpose of seeking meaningful alternatives for the present anti-social aspects of the system which are not conducive to the rehabilitation of inmates and their return to society as productive, useful, and law-abiding

p. 1220

citizens. . . ." Senate Concurrent Resolution No. 87, Acts 1973, 63rd Leg., Regular Session, p. 2277.

Obtaining the testimony of current prisoners in the Department of Corrections is clearly within the scope of the study which the Committee has been authorized to undertake.

There is no question that the Joint Committee has authority under Article 6166z2, V. T. C. S., to visit the Department of Corrections and to take the testimony of inmates.  That article provides:

> "The Governor, and all other members of the Executive and Judicial Departments of the State and members of the Legislature shall be admitted into the prisons, camps and other places where prisoners are kept or worked, at all proper hours, for the purpose of observing the conduct thereof, and may hold conversation with the convicts apart from all prison officers.  Other persons may visit the penitentiary under such rules and regulations as may be established."

A special committee such as the Joint Committee on Prison Reform has the same authority as is granted to a standing committee by the Legislative Reorganization Act of 1961.  Section 7, Art. 5429f, V. T. C. S. Section 18 of that Act provides in pertinent part as follows:

> "Sec. 18.   Each standing committee is hereby authorized and empowered to request the assistance, where needed in the discharge of its duties, of the State Auditor's Department, the Texas Legislative Council, the Texas Department of Public Safety, the Attorney General's Department, and all other State agencies, departments, and offices, and it shall be the duty of such departments, agencies and offices to assist each such Committee when requested to so do. . . ."

It does not appear that the Joint Committee on Prison Reform is authorized to compel the attendance of witnesses. Express authorization by the resolution establishing the committee or by the rules of procedure of the House establishing the committee is a prerequisite to the exercise of subpoena powers by a standing or special committee. Section 12, Article 5429f, V. T. C. S.; Attorney General Opinion No. WW-1235 (1962). Such specific authorization is not contained in the Joint Committee's resolution, S. C. R. no. 87, Acts 1973, p. 2277. While the House Rules authorize House standing committees to issue process, § 40, Rule 8, Rules of the House of Representatives, 1973, neither the Senate Rules nor the Joint Rules contain such authorization. Authorization to issue process by only one House is not sufficient for a joint committee.

Thus, in carrying out its responsibilities, the Joint Committee on Prison Reform has authority to take the testimony of prisoners within the confines of the Department of Corrections, and in other locations it may receive the voluntary testimony of witnesses and may request the assistance of the agencies, departments, and offices of this State. Since the Committee is without the power to issue process for witnesses to appear, the question of whether the Committee might compel the attendance of prisoners at its hearings in Austin is not presented here.

The Texas Board of Corrections is responsible through its agent, the Director of the Texas Department of Corrections, "for the management of the affairs of the Prison System and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein." Article 6166g, V, T. C. S.

The only specific statutory authorization regarding transportation of prisoners pertains to bringing them to the prison. The director is to make provision for transportation of prisoners by arrangement with the sheriff of the county where the prisoner is held, if the sheriff is willing to provide such service more economically than the director could do it otherwise. Article 6166r, V. T. C. S. This language clearly implies the authority to transport prisoners to the prison if that alternative is most economical.

Of course there are several ways in which prisoners may be taken outside the prison for temporary periods.    They may be attached to appear and testify in any court in this state, Art. 24.13,V.T.C.C.P., and may be compelled to appear for trial upon a bench warrant, which is the writ used to bring a confined convict to trial in another case. Ex parte Lowe, 251 S. W. 506 (Tex. Crim. App. 1923).    And the Board of Pardons and Paroles apparently has authority to have prisoners appear before it for interviews prior to a decision on parole by virtue of § 15, Art. 42.12, V. T. C.C.P., although we understand that in practice such interviews are conducted at the prison.

You also have authority to transport prisoners to a college campus for work under Art. 6166x-2, V. T. C.S., and to work under the work furlough program of Art. 6166x-3, V. T. C.S.

While there is no specific statutory authorization for you to transport prisoners to the site of a Legislative Committee hearing, we believe that the statutory duty imposed on State departments to assist legislative committees under § 18, Art. 5429f, V. T. C.S., combined with your general authority for the management of prisoners, Art. 6166g, V. T. C.S., is sufficient to authorize the transportation of prisoners to such a hearing.

However, even though your department has a general obligation to assist the Committee upon its request, the extent to which you are able to comply will depend upon a number of factors.    Determinations must be made as to what resources are available to provide the assistance requested, and how it can be provided in a manner consistent with your principle responsibility of maintaining control of prisoners in your custody.    These matters are at least initially within your discretion.

Prison officials are vested with broad discretion in safekeeping and securing prisoners committed to their custody, and courts traditionally have been reluctant to interfere with their decisions on appropriate methods of handling their wards unless paramount constitutional or statutory rights are at stake.    Cruz v. Beto, 405 U. S. 319 (1972); Johnson v. Avery, 393 U. S. 483 (1969); Milligan v. State, 178 S. W. 2d

524 (Tex. Crim. 1944); Wilmans v. Harston, 234 S. W. 233 (Tex. Civ. App. Dallas, 1921, no writ).  Even where such rights are involved, the cases recognize the need to deal with them in relation to the demands for prison security and orderly administration.

In this situation, the Legislative Committee has a valid interest in obtaining the testimony of prisoners in order to carry out its duties. You have a duty to maintain control of prisoners committed to your custody by the judiciary.  The Committee's desire to take testimony of prisoners outside the prison requires your cooperation and assistance. Rendering such assistance involves problems of control beyond the normally available physical security facilities of the prison.  Your obligation to assist the Committee cannot exceed your duty of proper management of prisoners.  In a situation involving such possibly conflicting interests between two branches of government, the Texas Supreme Court has said:

> "Coordination or co-operation of two or more branches or departments of government in the solution of certain problems is both the usual and expected thing."  State Board of Insurance v. Betts, 308 S. W. 2d 846, 852 (Tex. 1958).

To directly answer your first question, the Texas Department of Corrections can transport an inmate to Austin for the purpose of appearing before the Joint Committee on Prison Reform under the authority of Art. 5429f, §18, above, but in doing so should adopt all reasonable means to provide effective control of such prisoner.

As to your second question, the State is not ordinarily liable for the torts or negligence of officers, agents, or servants engaged in the performance of a governmental function, unless it has expressly assumed that liability.  Tex. Jur. 2d, p. 293 (1963).  Members of the Department cannot be held personally liable for injuries negligently inflicted by a prisoner without a showing that they were, in their personal relation, guilty of misfeasance or malfeasance or co-operated in some way with the prisoner in his tortious act.  Texas Prison Board v. Cabeen, 159 S. W. 2d 523 (Tex. Civ. App. Beaumont, 1942, writ ref'd).

It is doubtful that the Texas Tort Claims Act would be applicable to any foreseeable circumstances in view of the exceptions contained in § 14 of the Act which except from the application of the Act claims arising out of failure to provide, or the method of providing police protection, and claims arising out of assault, battery, false imprisonment or any other intentional tort. Subsections 14(9) and 14(10), Art. 6252-19, V. T. C. S. See Davis v. County of Lubbock, 486 S. W. 2d 109 (Tex. Civ. App. Amarillo, 1972, no writ) (custody of prisoner in county jail a police function), and Beggs v. Texas Department of Mental Health and Mental Retardation, 496 S. W. 2d 252 (Tex. Civ. App. San Antonio, 1973, writ ref'd) (mental patient doused another with lighter fluid and ignited, not within Tort Claims Act waiver of immunity).

Your liability, if any, for criminal acts of a prisoner under circumstances involving a legislative hearing would probably be the same as you face when transporting prisoners to a college campus for work under Art. 6166x-2, V. T. C. S., or to work under the work furlough program of Art. 6166x-3, V. T. C. S., or on any other authorized activity which requires prisoners to go beyond the immediate confines of the penetentiary.

However, the question of liability of the State or the personal liability of its agents for negligence involving prisoners will depend upon the particular facts and circumstances of each case.

## SUMMARY

The Department of Corrections has authority
to transport prisoners to a Legislative Committee
hearing in Austin at the Committee's request.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee