William James LLOYD, Appellant,

v.

UNIVERSITY OF TEXAS, Appellee.

No. 7709.

Court of Civil Appeals of Texas,
Beaumont.

June 5, 1975.

Rehearing Denied July 10, 1975.

John E. Serna, San Antonio, for appellant.

Jack Sparks, Austin, for appellee.

DIES, Chief Justice.

Appellant was arrested by the University of Texas Police for D.W.I. While being taken to the Austin Police Station, he fell out of the car. He filed suit under the Texas Tort Claims Act [Vernon's Tex.Rev. Civ.Stat.Ann. art. 6252–19 (1970)] for damages against the University of Texas—appellee—which moved for Summary Judgment. Summary Judgment was granted from which this appeal is perfected.

His points one and two assert a fact issue exists whether the University's employees were in fact providing police protection at the time of appellant's injury.

Section 14(9) of the Tort Claims Act excludes "[a]ny claim based on an injury or death connected with any act or omission

arising out of civil disobedience, riot, insurrection or rebellion or arising out of the failure to provide, or the method of providing, police or fire protection."

Plaintiff's claim is based upon an injury connected with an act or omission which arose out of the method of providing police protection. We hold specifically that appellant's arrest for the offense of driving while intoxicated on the campus of the University of Texas was a method of providing police protection. Davis v. County of Lubbock, 486 S.W.2d 109 (Tex.Civ.App.—Amarillo 1972, no writ). These points are overruled.

 Appellant has a point contending the exemption does not apply because at the time of his injury University police were not "Peace Officers" as defined in Vernon's Tex.Code Crim.Proc.Ann. art. 2.12 (1966). (They have since been added by amendment.)

Art. 51.203 of the Tex.Educ.Code Ann. permits "[t]he governing boards of each state institution of higher education [to] employ campus security personnel . . . and may commission them as peace officers." They are then "vested with all the powers, privileges, and immunities of peace officers." This point is overruled. We find no merit in any other point and all are overruled. The order granting the Summary Judgment is affirmed.

Affirmed.