Steve **STRICKLAND,** Appellant,

v.

**CITY OF DENVER CITY,** Texas, et al., Appellees.

No. 5085.

Court of Civil Appeals of Texas, Eastland.

Nov. 17, 1977.

Rehearing Denied Dec. 15, 1977.

Jerry Paquin, Seminole, for appellant.

Donald M. Hunt, Key, Carr, Evans & Fouts, Lubbock, Paul New, Denver City, for appellees.

McCLOUD, Chief Justice.

Plaintiff, Steve Strickland, sued the City of Denver City and two of its police officers, Hugh Chumley and Jack Ramsay, alleging he was injured as a result of mistreatment committed by the officers while he was confined in the city jail. The defendants were granted a summary judgment and plaintiff has appealed. We affirm.

Plaintiff contends governmental immunity is waived, under the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (1970), because the alleged wrongful acts, the basis of his claims, involve the "misuse of property". Defendant, Denver City, relies upon Sec. 14 of the Texas Tort Claims Act, which expressly exempts certain claims from the Act. The two officers, Chumley and Ramsay, argue summary judgment was proper as to them because the record conclusively established that the two year statute of limitations had run before citations were issued and service perfected, and plaintiff failed to allege or in any way interpose the use of diligence in procuring the issuance and service of citation. Tex. Rev.Civ.Stat.Ann. art. 5526 (1958).

Plaintiff pleaded and supported by affidavit that he was arrested by Chumley and placed in the Denver City jail; the officer took his matches, belt, tie, ribbon and jumpboot laces; he was placed in a cell by himself which contained refuse and several mattresses on the floor; plaintiff went to sleep and was awakened by smouldering smoke; he was unable to put the fire out so he put his jacket over his head and tried to breathe through the jacket; he became unconscious and remembers nothing until two people opened the cell door and threw him back into the cell when he hit some "slick stuff" on the floor and slid across the floor; he got back up on the steel bunk as all mattresses had been removed; his leg started hurting and he asked for, but was refused, a blanket; the next morning he noticed big brown spots on his legs and back; there were no burn marks on his pants; a chemical type fire extinguisher was in the area and the "stuff" he slid across when thrown into the cell appeared to be slippery; he noticed it had left a white deposit on the floor; Officer Jack Ramsay drove him to Reese Air Force Base Hospital but the officer drove at a slow rate of speed and made many sudden turns which increased the pain; and, as a result of the "chemical burns" received while in the Denver City jail which were caused by the soda ash contained in the fire extinguisher, he eventually lost his leg and has large scars upon his back and other portions of his body.

Plaintiff alleged in his petition that the officers, as agents, servants and employees of the City, were negligent in failing to keep a proper lookout, forceably throwing plaintiff into the jail cell, physically assaulting him and failing to see that the cell was safe. Additionally, plaintiff pleaded that the acts of the officers were intentional and malicious.

The Texas Tort Claims Act which waives governmental immunity under certain circumstances expressly preserves immunity as to several enumerated "claims". Sec. 14 of the Act provides:

"The provisions of this Act shall not apply to:

. . . . .

(8) Any claim arising out of the action of an officer, agent or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action.

(9) Any claim based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection or rebellion or arising out of the failure to provide, or the method of providing, police or fire protection.

(10) Any claim arising out of assault, battery, false imprisonment, or any other intentional tort including, but not limited to, disciplinary action by school authorities."

All of plaintiff's alleged acts of misconduct are exempt as to the City of Denver City under paragraph 9 copied above which exempts claims "arising out of the

failure to provide, or the method of providing, police . . . protection". A similar result was reached in *Davis v. County of Lubbock*, 486 S.W.2d 109 (Tex.Civ.App.— Amarillo 1972, no writ) where an inmate incarcerated in the hospital wing of the jail committed suicide by hanging himself with his belt. There the plaintiffs alleged the death was caused by the negligence of the sheriff's department who, after being fully informed of the deceased's suicidal tendencies, failed to (1) take the deceased's belt; (2) provide adequate supervision of the premises; (3) confine him where he could not harm himself; and, (4) provide for his safety. The court stated:

"The Texas Tort Claims Act expressly waives, subject to certain exemptions and exclusions, the governmental function immunity for all units of government and, to the extent of the waiver, grants consent to sue for money damages for personal injuries or death. The waiver granted and the consent given are, under Section 3 of the Act, for personal injuries or death caused by the negligent or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising out of the operation or use of publicly owned motor-driven vehicles, premise defects, and some condition or some use of tangible property, real or personal, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the laws of Texas. However, Section 14(9) of the Act expressly dictates that the waiver of sovereign immunity shall not apply to '(a)ny claim based on . . . death connected with any act or omission . . . arising out of the failure to provide, or the method of providing, police . . . protection.' Thus, the Act does not waive the common law immunity attached to the governmental exercise of police power."

In *Lloyd v. University of Texas*, 524 S.W.2d 958 (Tex.Civ.App.—Beaumont 1975, writ ref.n.r.e.), the plaintiff was arrested for driving while intoxicated and while being taken to the police station, he fell from the car. The court said:

"Section 14(9) of the Tort Claims Act excludes '(a)ny claim based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection or rebellion or arising out of the failure to provide, or the method of providing, police or fire protection.'

Plaintiff's claim is based upon an injury connected with an act or omission which arose out of the method of providing police protection. We hold specifically that appellant's arrest for the offense of driving while intoxicated on the campus of the University of Texas was a method of providing police protection. *Davis v. County of Lubbock*, 486 S.W.2d 109 (Tex.Civ.App.—Amarillo 1972, no writ) . . ."

The paragraph (9) exemption to Section 14 of the Act was also applied in *Salinas v. Flores*, 359 F.Supp. 233 (S.D.Tex.1973), where it was alleged that the police officers, who were aware that the person was ill and injured, placed him in jail and made no effort to procure medical attention. In holding that Webb County was not liable, the court said:

". . . Likewise, the County has no liability under the Texas Tort Claims Act, Article 6252–19, Revised Civil Statutes of Texas. Section 3 of that Article expressly states under what conditions governmental units may be held liable. Section 14(9) expressly exempts 'any claims based on . . . or arising out of the failure to provide, or the method of providing, police or fire protection.' . . ."

We note that the instant case is unlike *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974), where the pleader merely failed to state a cause of action. The plaintiff, Strickland, has pleaded himself out of court by pleading "facts which affirmatively negate his cause of action". The facts accepted as true in plaintiff's petition and affidavit conclusively demonstrate that as to the City of Denver City plaintiff's claims are barred by the doctrine of governmental immunity. As

stated in *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972), a summary judgment on pleadings is proper in ". . . a case in which the facts alleged by a plaintiff establishes the absence of a right of action or an insuperable barrier to a right of recovery". See also: *Hargrove v. City of Rotan*, 553 S.W.2d 246 (Tex.Civ.App.—Eastland 1977, no writ).

We turn next to the argument of the two officers, Chumley and Ramsay, that the summary judgment record conclusively establishes that any claim against them individually was barred by the two year statute of limitations.

At the time of the incident in question, plaintiff was a minor. He became 21 years of age on July 8, 1973. Suit was filed on June 30, 1975, which was only eight days before July 8, 1975, the date limitations would run. Plaintiff did not request issuance of service on the officers before July 8, 1975. He merely pleaded he did not know their whereabouts. Plaintiff's attorney requested issuance of citation for Officer Chumley on July 29, 1975, and he was served on that day in Denver City. About a month later, plaintiff's attorney requested issuance of citation for Officer Ramsay. Citation was issued on August 25, 1975, and Ramsay was served on August 27, 1975.

The mere filing of a suit will not interrupt or toll the running of a statute of limitations. To interrupt the statute, the use of diligence in procuring the issuance and service of process is required. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975); *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180 (Tex.1970); *City of Gainesville v. Harder*, 139 Tex. 155, 162 S.W.2d 93 (1942).

In *Zale Corporation v. Rosenbaum*, supra, the court stated the rule to be applied in summary judgment cases as follows:

" . . . When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a suspension statute, such as Article 5537, *or pleads diligence in requesting issuance of*

*citation*, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues. *Oram v. General American Oil Co.*, 513 S.W.2d 533 (Tex. 1974) . . . ." (Emphasis added)

In the instant case, however, plaintiff has not by pleadings, answer to motion for summary judgment, affidavit, or brief asserted in any way that he used diligence in attempting to locate and serve the officers before or after July 8, 1975. Under these circumstances, we think the summary judgment in favor of Chumley and Ramsay was proper. See: *Siegel v. McGavock Drilling Company*, 530 S.W.2d 894 (Tex.Civ.App. —Amarillo 1975, writ ref.n.r.e.).

We have considered all points of error and all are overruled.

The judgment is affirmed.