COUNTY OF BRAZORIA, Appellant,

v.

Gary A. RADTKE, Appellee.

No. 8099.

Court of Civil Appeals of Texas, Beaumont.

April 20, 1978.

Rehearing Denied May 18, 1978.

A. B. Crowther, Jr., Angleton, for appellant.

Vaughan O. Stewart, Lake Jackson, for appellee.

CLAYTON, Justice.

Plaintiff below, Radtke, filed suit against the County of Brazoria and George Adkisson (a deputy sheriff for Brazoria County), under the provisions of *Tex.Rev.Civ.Stat. Ann. art. 6252–19* (1970), *as amended* (Supp. 1978) (hereinafter referred to as the Texas Tort Claims Act), for damages for personal injuries sustained in an automobile accident involving plaintiff and Adkisson. Trial was to a jury, and judgment was entered on the jury verdict in favor of plaintiff and against Brazoria County and Adkisson, jointly and severally, in the amount of $65,-000. Brazoria County only has perfected its appeal.

The evidence shows that the automobile accident occurred while deputy sheriff Adkisson was engaged in his duties investigating a criminal offense. Adkisson had lost control of his automobile as it went into a spin and collided with an automobile being driven by plaintiff. It is undisputed that Adkisson was not on an emergency call at the time.

The jury found in answer to special issues that defendant Adkisson was negligent in his operation of the automobile and that such negligence proximately caused the collision. Additionally, the jury found that Brazoria County was negligent in failing to properly train and supervise Adkisson in his operation of the vehicle, and this negligence proximately caused the collision. Adkisson and Brazoria County were held jointly and severally liable on findings that Adkisson's negligence was 60 percent responsible and Brazoria County's negligence 40 percent responsible for the accident.

Appellant's first point of error presents no ground for reversal. Complaint is made that the trial court erred in "refusing to grant defendant's motion to dismiss and/or motion for summary judgment." An order denying a motion for summary judgment is interlocutory and not appealable. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966); *Haynes v. Dunn*, 518 S.W.2d 880, 886 (Tex.Civ.App.—

Waco 1975, writ ref'd n. r. e.). This point is overruled.

It is the basic and primary contention of appellant that the County is not liable under the Tort Claims Act for the acts of its deputy sheriff in the negligent operation of a motor vehicle used in the performance of his duties as deputy sheriff. Appellant has admitted, in response to interrogatories, that the vehicle being operated by the deputy sheriff at the time of the collision was leased to the County and was used by the County as a patrol car by the County Sheriff's Department, that Adkisson was employed by the County as a deputy sheriff, and that on the occasion in question Adkisson was acting within the course and scope of his employment with the County.

Appellant argues that the sheriff is the "unit of government" which is liable for the acts of his deputy under the Tort Claims Act, and the County is a separate "unit of government" and cannot be liable for the acts of the deputy sheriff for the reason that the County does not have the legal right to control the details of the tasks assigned to a deputy sheriff. We do not agree.

*Section* 3 of the Texas Tort Claims Act provides that:

"Each unit of government . . . shall be liable for money damages for . . . personal injuries . . . when proximately caused by the negligence . . . of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle . . . under circumstances where such officer or employee would be personally liable to the claimant . . . ."

Counties are included within the definition of "unit of government" under *Sec.* 2(1) of the Tort Claims Act. *Sec.* 2(2) provides: " 'Scope of employment' or 'scope of office' shall mean that the officer, agent or employee was acting on behalf of a governmental unit in the performance of the duties of his office or employment or was in or about the performance of tasks lawfully assigned to him by competent authority."

*Sec.* 2(3) of the Act provides: " 'Officer, agent or employee' shall mean every person who is in the paid service of any unit of government by competent authority, whether full or part-time, whether elective or appointive, and whether supervisory or non-supervisory, *it being the intent* of the Legislature that this Act should apply to *every person in such service of a unit of government*, save and except as herein provided. Such definition, however, shall not include an independent contractor . . . or any person performing tasks the details of which the unit of government does not have the legal right to control." (Emphasis added.)

Under the provisions of the *Sections* 2, 2(1), 2(2), and (3) of the Tort Claims Act, the sheriff of Brazoria County is not a separate "unit of government" against which suit should be brought and recovery be allowed. We note that *Sec.* 11 of the Act provides: "For the payment of any final judgment obtained under the provisions of this Act, a unit of government . . . is hereby authorized to levy an ad valorem tax . . . ." There can be no question but that the sheriff of a County has no authority to levy an ad valorem tax for the purpose of paying a judgment awarded against him or his department.

Appellant relies heavily upon that portion of *Sec.* 2(3) of the Act which excepts from the definition of officer, agent, or employee, "any person performing tasks the details of which the unit of government does not have the legal right to control." Appellant argues that since the County has no right to control the actions of a deputy sheriff, the deputy sheriff is not an employee of the County, and therefore the County is not liable for his acts under the terms of the Tort Claims Act. To give such a construction to that section of the Act would defeat the express provisions of the same section of the Act wherein it is stated, ". . . it being the intent of the Legislature that this Act should apply to every person in such service of a unit of government . . ."

In construing an act of the Legislature our Supreme Court in *Woods v. Littleton*, 554 S.W.2d 662, 665 (Tex.1977), states the rule as follows:

" 'The fundamental rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. That intention should be ascertained from the entire act, and not from isolated portions thereof. This Court has repeatedly held that the intention of the Legislature in enacting a law is the law itself; and hence the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify, or thwart it. . . . It is settled that the intention of the Legislature controls the language used in an act, and in construing such act the court is not necessarily confined to the literal meaning of the words used therein, and the intent rather that the strict letter of the act will control.' *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273, 278 (1951)."

In following the rule of construction stated in *Woods v. Littleton*, supra, it is our opinion that the provision of *Sec.* 2(3) of the Act wherein it is stated " 'officer, agent or employee' shall mean every person who is in the paid service of any unit of government by competent authority . . . ." is to be construed as meaning any employee who is in the paid service of the county who has been duly appointed or employed by "competent authority"—in this instance the sheriff. The sheriff is an officer within the meaning of *Sec.* 2(3) of the Act, and the sheriff has the legal right to control the tasks of his employee. To give this section of the Act any other construction would be to hold that the County is only liable for the acts of the employees directly employed by the members of the Commissioner's Court. This construction would be in direct contravention of the expressed intentions of the Legislature. We accordingly hold that under the provisions of the Tort Claims Act, the County is liable in damages for injuries or death proximately caused by the negligent acts of a deputy sheriff of the County.

Appellant further contends the plaintiff's injuries were connected with an act arising out of the method of providing police protection, and for such reason the County is not liable in damages for such injuries.

*Sec.* 14 of the Tort Claims Act provides:

"The provisions of this Act shall not apply to:

"(9) Any claim based on an injury or death connected with any act or omission arising out of . . . the method of providing police . . . protection."

Appellant argues the above quoted *Sec.* 14 of the Tort Claims Act applies to this case and relies upon *Lloyd v. University of Texas*, 524 S.W.2d 958 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Davis v. County of Lubbock*, 486 S.W.2d 109 (Tex. Civ.App.—Amarillo 1972, no writ); and *Little v. Schafer*, 319 F.Supp. 190 (S.D.Tex. 1970). In the cases cited by appellant the claimant was actually under arrest or incarcerated at the time the acts complained of were committed—all of such acts being properly determined by the court as being a method of police protection. Since these cases do not involve motor vehicle accidents, they are not dispositive of the issue in our case.

In determining the meaning of this section, we must ascertain the legislative intent by reviewing the entire act. See *Woods v. Littleton*, supra at 665. *Sec.* 3 establishes governmental liability for the negligent operation of a motor vehicle by a government officer or employee. *Sec.* 14(8) exempts governmental units from liability for "[a]ny claim arising out of the action of an officer, agent, or employee while responding to emergency calls or reacting to emergency situations . . . ." After considering these provisions in conjunction with *Sec.* 14(9), we conclude that the Legislature did not intend to exempt governmental units from liability for claims arising out of the negligent operation of a motor vehicle by a police officer in a non-emergency situation.

■ Appellant's third point urges "the trial court erred in failing to grant Brazoria County's motion for judgment N.O.V." The reason for such error argued by appellant is that the County cannot be liable for the failure to perform a discretionary act, i. e., the training and supervision of a deputy sheriff. We agree.

*Sec.* 14(7) of the Tort Claims Act states in part:

"Sec. 14. The provisions of this Act shall not apply to:

"(7) Any claim based upon the failure of a unit of government to perform any act which said unit of government is not required by law to perform. If the law leaves the performance or nonperformance of an act to the discretion of the unit of government, its decision not to do the act, or its failure to make a decision thereon, shall not form the basis for a claim under this Act."

We have not found any statute requiring the County to train and supervise a deputy sheriff. However, in our view heretofore expressed as to the liability of the County, the issues with reference to the training and supervision do not constitute reversible error. This point is overruled, and appellant's points Nos. two and four are overruled for the same reasons.

■ Even though the jury found the County 40 percent negligent and defendant Adkisson 60 percent negligent, the County being liable for the damages sustained by plaintiff, the trial court properly entered judgment against the County and Adkisson, jointly and severally, for the entire amount of damages awarded by the jury.

No error being shown, the judgment of the trial court is affirmed.

AFFIRMED.

KEITH, Justice, concurring.

I adopt the words of Chief Justice Greenhill, used in a different context, as applicable to my difficulty with the provisions of the Texas Tort Claims Act now under review. In *Lowe v. Texas Tech University,* 540 S.W.2d 297, 301 (Tex.1976), our Chief Justice, concurring, said:

"Speaking at least for myself, it is difficult to understand the language of the present statute and to apply it."

*Sec.* 14(8) of the Act exempts police officers only when responding to emergency calls or situations and then only when such action "is in compliance with the laws and ordinances applicable to emergency action." This provision does not aid either Adkisson or Brazoria County under our record.

*Sec.* 14(9) may have application to this case since the plaintiff sustained his injury because of Adkisson's negligent act of operating the automobile and that such injuries arose out of the method of providing police protection which had been adopted by Brazoria County.

However, under the liberal construction provision (*Sec.* 13) of the Act, I am persuaded that such a construction should not be adopted. In this instance, Brazoria County has suffered a judgment amounting to $65,000—the next time, a small or poorer county may be subjected to a judgment up to $300,000. I quote again from the Chief Justice's comments in *Lowe,* supra: "[I]t would be very helpful if it [the Legislature] would give litigants and the courts guidelines which are easier to follow." (540 S.W.2d at 303)