**James M. TERRELL et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 12767.**

Court of Civil Appeals of Texas, Austin.

Nov. 15, 1978.

Rehearing Denied Dec. 20, 1978.

Marvin S. Sprain, Billy John Edwards, Whitten, Sprain, Price, Wagner & Edwards, Abilene, for appellants.

John L. Hill, Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This appeal involves construction and application of the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 14(8) and (9) (1970).

James M. Terrell sued highway patrolman James E. White and the State of Texas in the district court of Runnels County for personal injuries resulting from an automobile collision near Rowena. The district court severed Terrell's cause against White from his cause against the State and entered summary judgment that Terrell take nothing against the State. We will reverse the judgment.

The summary judgment proof showed that the collision happened on December 18, 1975, at about 6:00 P.M. on Highway 67. Highway 67 is divided and at the place of collision runs east and west. White's patrol car was parked on the paved shoulder of the westbound lane of Highway 67 where White was operating radar for the detection of speeding eastbound traffic. To overtake an eastbound speeder it was necessary for White to drive about one hundred-fifty feet west on Highway 67 to a crossover and then turn back east to pursue the speeder.

The patrol car, while parked on the shoulder, had no lights burning. The proof was conflicting as to whether most moving traffic had lights on because of impending darkness.

Just before the collision, White's radar detected a speeding eastbound pickup. White claimed that he started his vehicle, turned on its headlights, looked to the rear, and pulled onto the westbound lane of Highway 67.

Terrell testified by deposition that he was driving his vehicle westbound on Highway 67. Terrell saw the patrol car stopped on the right shoulder of the road. The patrol car taillights came on briefly. Then the patrol car started up suddenly and pulled in front of Terrell's vehicle. The right front fender of Terrell's vehicle collided with the left side of the patrol car. It was undisputed that at the time of the collision, White had not turned on the "red lights" or the siren of the patrol car.

The Texas Tort Claims Act waives the doctrine of governmental immunity in certain respects. Section 3 is the general provision establishing governmental liability in the operation of motor vehicles. Section 3 provides in part as follows:

"Sec. 3. Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle . . . under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state . . . Such liability is subject to the exceptions contained herein . . ."

Section 14 of the Act specifically enumerates twelve "exemptions" from application of the Act. Section 14 provides in part:

"The provisions of this Act shall not apply to:

\* \* \* \* \* \*

"(9) Any claim based on an injury or death connected with any act or omission arising out of . . . the method of providing, police or fire protection."

As primary ground for its motion for summary judgment, the State contended that Terrell's injuries were connected with an act arising out of the method of providing police protection, and for such reason the State was not liable.

In *County of Brazoria v. Radtke*, 566 S.W.2d 326 (Tex.Civ.App.1978, writ ref'd n.r.e.), the Ninth Court of Civil Appeals construed § 14(9). The facts in that case are similar in many respects to those in the case at bar. In *Radtke* the deputy sheriff of Brazoria County, while engaged in the investigation of a criminal offense, was involved in an automobile collision with

Radtke. The officer was not on an emergency call when the collision occurred. The County argued that Radtke's injuries were connected with an act arising out of ". . . the method of providing police . . . protection," and, as a result, it was not responsible for Radtke's damages.

In rejecting the County's argument the Court wrote:

"In determining the meaning of this section [§ 14(9)], we must ascertain the legislative intent by reviewing the entire act. See *Woods v. Littleton*, [554 S.W.2d 662 (Tex.)] supra at 665. *Sec. 3* establishes governmental liability for the negligent operation of a motor vehicle by a government officer or employee. *Sec. 14(8)* exempts governmental units from liability for '[a]ny claim arising out of the action of an officer, agent, [*sic*] or employee while responding to emergency calls or reacting to emergency situations . . . .' After considering these provisions in conjunction with *Sec. 14(9)*, we conclude that the Legislature did not intend to exempt governmental units from liability for claims arising out of the negligent operation of a motor vehicle by a police officer in a non-emergency situation."

■ As we understand *Radtke*, § 14(9) *does not* exempt the State from liability for claims arising from the negligent operation of a police vehicle. On the other hand, § 14(8) *does* exempt the State from liability for claims arising from the negligent operation of a police vehicle by an officer responding to an emergency situation. The summary judgment may not be sustained then upon the basis of § 14(9).

As final ground for its motion for summary judgment, the State claimed that Terrell's claim arose out of the action of an officer when he was responding to an emergency call or reacting to an emergency situation.

The provisions of the Texas Tort Claims Act do not apply to:

"Sec. 14. * * *

"(8) Any claim arising out of the action of an officer, agent or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action."

Section 14(8) retains governmental immunity from claims that arise from the action of officers responding to emergency calls or reacting to emergency situations provided that ". . . such [emergency] action is in compliance with the laws and ordinances applicable to emergency action."

■ Immediately prior to the collision, Officer White was probably responding to an emergency situation in trying to apprehend the speeding eastbound pickup. It is undisputed, however, that he had not turned on the "red lights" and siren of the patrol car. We are of the opinion that § 14(8) cannot apply because Officer White was not in compliance with the laws applicable to emergency action. To operate lawfully a patrol car in emergency action, one must make application of the vehicle's audible and visual signals. Tex.Rev.Civ.Stat. Ann. art. 6701–d, §§ 24, 124 (1977). It follows that the summary judgment may not be sustained upon the basis of § 14(8).

The judgment is reversed and the cause is remanded to district court. In fairness to counsel and to the district court, it should be observed that the opinion in *Radtke* was delivered by the Court of Civil Appeals after entry of judgment in the case at bar.