Thomas E. LANGLEY, John Langley and Jada Lynn Malone, Appellants,

v.

CITY OF AMARILLO, Appellee.

No. 8961.

Court of Civil Appeals of Texas, Amarillo.

March 26, 1979.

Rehearing Denied April 9, 1979.

**352**

Carson Smith & Associates (Tim L. Hoffman), Amarillo, for appellants.

Gibson, Ochsner & Adkins (Joe Harlan), Don Cheatham, Amarillo, for appellee.

ROBINSON, Chief Justice.

Thomas E. Langley, John Langley, and Jada Lynn Malone, plaintiffs, sued defendant, City of Amarillo, to recover money damages for personal injuries and property damage sustained in an accident involving plaintiffs' motorcycles and a City of Amarillo police car. The trial court rendered summary judgment for the City on the ground of governmental immunity. Plaintiffs appeal. Reversed and remanded.

Plaintiffs' petition alleged that on June 29, 1975, John Langley and Tom Langley, with his passenger Jada Malone, on their respective motorcycles, were traveling west on 6th Street in Amarillo, Texas, when, at approximately 3:15 a. m., two city police officers negligently turned their police car directly in front of the motorcycles. Plaintiffs Tom Langley and Jada Malone testified by deposition that they never saw the police car. The motorcycle on which they were riding crashed directly into the car. Plaintiff John Langley saw a "white object" come out from the left "real fast." He swerved to avoid the object and crashed into a parked car. Tom Langley suffered a broken neck, a damaged spinal cord and an amputation of his right leg. John Langley and Jada Malone also received serious bodily injuries.

The police officer who was driving the car involved in the accident testified by deposition that he was responding to a radio transmission from another police officer concerning two speeding motorcycles; that he drove his car into the middle of the street to act as a deterrent and not as a road block; that he did not feel he was acting in an emergency situation. It is undisputed that the siren was not turned on at the time of the collision. There is dispute as to whether the red and blue beacon lights or the headlights were turned on.

The Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19 waives the doctrine of governmental immunity in certain respects. Section 3 provides for governmental liability for the operation of motor vehicles as follows:

> Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle . . . under circum-

stances where such office or employee would be personally liable to the claimant in accordance with the law of this state . . . . Such liability is subject to the exceptions contained herein . . . .

Section 14 of the Act lists twelve "exemptions" from application of the Act. The relevant exemptions are:

(8) Any claim arising out of the action of an officer, agent or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action.

(9) Any claim based on an injury or death connected with any act or omission arising out of . . . the failure to provide, or the method of providing, police or fire protection.

■ The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975). The summary judgment evidence in the case before us does not establish as a matter of law that defendant's employees were acting in an emergency situation in compliance with the laws and ordinances applicable thereto. Thus, the summary judgment may not be sustained on the basis of section 14(8).

■ Defendant contends that the summary judgment may be sustained under section 14(9). The applicability of section 14(9) to claims growing out of the negligent operation of motor vehicles was considered in *County of Brazoria v. Radtke,* 566 S.W.2d 326, 329 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.). There the court stated:

In determining the meaning of this section [§ 14(9)], we must ascertain the legislative intent by reviewing the entire act. See *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977) supra at 665. *Sec.* 3 establishes governmental liability for the negligent operation of a motor vehicle by a government officer or employee. *Sec.* 14(8) exempts governmental units from liability for "[a]ny claim arising out of

the action of an officer, agent, or employee while responding to emergency calls or reacting to emergency situations . . ." After considering these provisions in conjunction with *Sec.* 14(9), we conclude that the Legislature did not intend to exempt governmental units from liability for claims arising out of the negligent operation of a motor vehicle by a police officer in a non-emergency situation.

*See also Terrell v. State,* 574 S.W.2d 616 (Tex.Civ.App.—Austin 1978, writ pending).

■ We conclude that the defendant City did not sustain its burden of establishing as a matter of law that the cause of action was within an exemption to the general waiver of governmental immunity for claims growing out of the negligent operation of motor vehicles.

Accordingly, the judgment of the trial court is reversed and the cause remanded.