

# The Attorney General of Texas

January 6, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Gail Shannon, President
West Texas State University
Canyon, Texas    79016

Re:  Clarification of Attorney
General Opinion MW-537 (1982)

Dear Mr. Shannon:

This office issued Attorney General Opinion MW-537 to you on December 22, 1982.  Since issuing this opinion, this office has discovered some significant legal authority which is relevant to the answer to the second question.  The purpose of this letter is to clarify Attorney General Opinion MW-537 in light of this authority.

Your second question was as follows:

> Would the university be liable if an individual being arrested [by a West Texas State University police officer at a WTSU basketball game conducted in the Amarillo Civil Center] is injured by a WTSU police officer?

The opinion discussed section 14(9) of article 6252-19a, V.T.C.S., the Texas Tort Claims Act.  This section provides as follows:

> Sec. 14.  The provisions of this Act shall not apply to:
>
> . . . .
>
> (9) Any claim based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection or rebellion or arising out of the failure to provide, or the method of providing, police or fire protection.

The opinion concluded that:

> If an arrest made by a WTSU police officer constitutes a 'method of providing police

> protection,' which is a fact question, the
> university will not be liable for an injury
> suffered by the party being arrested during the
> course of that arrest.

In reaching this conclusion, the opinion relied upon Lloyd v. University of Texas, 524 S.W.2d 958 (Tex. Civ. App. - Beaumont 1975, writ ref'd n.r.e.), and Davis v. County of Lubbock, 486 S.W.2d 109 (Tex. Civ. App. - Amarillo 1972, no writ).

The Lloyd and Davis cases were disapproved to the extent of conflict in State v. Terrell, 588 S.W.2d 784 (Tex. 1979). In that case, the Texas Supreme Court construed the section 14(9) exemption as follows:

> We think, therefore, that the Legislature intended
> to exclude from the Act only those acts or
> omissions which constitute the execution of or the
> actual making of those policy decisions.... Thus,
> if the negligence causing an injury lies in the
> formulating of policy -- i.e., the determining of
> the method of police protection to provide -- the
> government remains immune from liability. If,
> however, an officer or employee acts negligently
> in carrying out that policy, government liability
> may exist under the Act. (Emphasis in original).

588 S.W.2d at 788.

Thus, the Terrell case states the proper standard to rely upon in answering your second question. If the negligence causing an arrestee's injury lies in formulation of policy regarding police protection, the university remains immune from liability. If, however, a university peace officer injures someone through his negligent act in carrying out policy, the university may be liable under the Tort Claims Act. Whether any particular set of circumstances will give rise to governmental liability is a fact question which cannot be resolved in the opinion process.

Very truly yours,

JIM MATTOX
Attorney General of Texas