Honorable Linda Shoemaker Lowrey Criminal District Attorney 121st Judicial District Yoakum County P.O. Box 359 Plains, Texas 79355
Re: Liability of a municipality for acts of employees of a public health district of which the city is a member (RQ-1555)
Dear Ms. Lowrey:
You present the following question:
 Can the City of Denver City, a home rule municipality, be held liable in a damage suit brought for the negligence of the South Plains Public Health District or one of its employees acting on behalf of the South Plains Public Health District?
Information provided with your request indicates that the South Plains Public Health District is organized under V.T.C.S. article 4436b, the Local Public Health Reorganization Act. Acts 1983, 68th Leg., ch. 190, at 797 as amended. Article IV of the Act provides for the establishment of public health districts. Section 4.01 provides:
 (a) By a majority vote of each governing body, a public health district may be established by:
(1) two or more counties;
(2) two or more incorporated municipalities;
 (3) a county and one or more incorporated municipalities situated therein; or
 (4) two or more counties and one or more incorporated municipalities situated therein.
V.T.C.S. art. 4436b, § 4.01. The information accompanying your request indicates that Denver City is one of several governmental entities — including several counties, several other cities, and a school district — comprising the current membership of the health district.[1]
The discussion submitted with your request refers to various provisions of the Texas Tort Claims Act, Civil Practice and Remedies Code, chapter 101, which provides for limited waiver of the governmental immunity of "governmental units" in Texas. We do not understand you to ask, however, what sorts of conduct or conditions might fall within exceptions to governmental immunity and thus might result in liability for a responsible governmental unit. Rather we understand your question to be: assuming conduct of health district personnel, or conditions or use of property in its control, which would give rise to such liability, could a member city of the health district be held liable?
As your discussion refers exclusively to liability under the Tort Claims Act, we limit this opinion to potential liability under that act and will not speculate as to what other provisions of law might be held to create further exceptions to governmental immunity vis a vis the affairs of the health district.
We note first that the provisions in the Local Public Health Reorganization Act regarding health districts contain no authorization for a health district to sue or be sued. Also, there is no authorization for such a district to levy taxes or issue bonds. V.T.C.S. art. 4436b, §§ 1.01-5.03.
A health district therefore does not appear to be the sort of "governmental unit" contemplated by the Tort Claims Act. The latter act provides in section 101.021 of the Civil Practice and Remedies Code that "governmental units" shall be liable for certain conduct and certain conditions or uses of property.[2]
Section 101.107, regarding payment of judgments under the Tort Claims Act by a "governmental unit," provides that "the governmental unit may pay the judgments in equal annual installments for a period of not more than five years" if the amount of judgments in one year, excluding amounts payable by an insurer, "exceeds one percent of the unit's budgeted tax funds" for the year, excluding debt service. (Emphasis added.) Civ.Prac. Rem. Code § 101.107(c). See also County of Brazoria v. Radtke,566 S.W.2d 326 (Tex.Civ.App.-Beaumont 1978, writ ref'd n.r.e.) (a sheriff, having "no authority to levy an ad valorem tax for the purpose of paying a judgment" is not a "separate `unit of government' against which suit should be brought and recovery be allowed" under the Tort Claims Act).
We find no cases or attorney general opinions addressing the issue whether health districts are "units of government" under the Tort Claims Act, but we believe that Attorney General Opinion M-538 (1969), which considered whether community health centers established under V.T.C.S. article 5547-203 were such "units of government," is apposite. The community centers were authorized to be established by contract among counties, cities, and hospital and school districts. The organizing contract was to provide for the constituting of a board of trustees. But the governing statute did not authorize the centers to sue or be sued, or to levy taxes or issue bonds. The opinion concluded:
 [I]t is our view that a community center is merely a component part of a `unit of government' as defined in section 2 of the Texas Tort Claims Act. Such a center is simply a local agency created either by unilateral action or contract by or between designated local governmental bodies. It is our opinion that the legal effect of the Texas Tort Claims Act is not to impose direct liability upon such an agency as such, but rather that any tortious conduct attributable to an employee, officer or agent of a community center would be the responsibility and liability of the creating local governmental unit or units.
Attorney General Opinion M-538 (1969) at 3-4. See also Attorney General Opinions H-291 (1974); H-735 (1975).[3]
Similarly, as previously stated, public health districts created under V.T.C.S. article 4436b are not authorized to sue or be sued or to levy taxes or issue bonds. The member cities, counties, etc., of a health district are authorized to provide by cooperative agreement for the organization and operation of the health district — including payment of costs by the members "necessary for implementation of the public health district" — the creation of an administrative or advisory "public health board," and the appointment of a director of the district. V.T.C.S. article 4436b, §§ 4.03, 4.06. A district is authorized "to perform the public health functions that any of its members is authorized to perform unless otherwise restricted by law." V.T.C.S. art. 4436b, § 4.02. The public health board is authorized to adopt rules necessary and appropriate "to promote and preserve the health and safety of the public," but the rules may not conflict with state law or with ordinances of member cities or counties. V.T.C.S. art. 4436b, § 4.03.
We do not believe a public health district is a governmental unit under the provisions of the Tort Claims Act, or that it has a legal status independent of its members such that the latter would be insulated from liability arising from conduct of the district's personnel or the condition or use of its property under the Tort Claims Act. Civ.Prac. Rem. Code § 101.001.
It is our opinion that a member city of a health district could be held liable for conduct of health district personnel or conditions or use of its property which would be grounds for liability under the Tort Claims Act.
 SUMMARY
A member city of a public health district created under V.T.C.S. article 4436b could be held liable under the Tort Claims Act, Civil Practice and Remedies Code chapter 101, for conduct of health district personnel or for the condition or use of property under the control of the health district.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] Section 4.05 provides for school districts "and other governmental entities" becoming members of a public health district.
[2] "Governmental unit" is defined in section 101.001 of the Tort Claims Act as:
 (A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;
 (B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district and river authority; and
 (C) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.
Section 101.021 provides for liability of a "governmental unit" as follows:
A governmental unit in the state is liable for:
 (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
 (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
 (B) the employee would be personally liable to the claimant according to Texas law; and
 (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
[3] In 1979, the legislature added a subsection 3.01(c) to V.T.C.S. article 5547-203 to provide specifically that community health centers were units of government under the Tort Claims Act. Acts 1979, 66th Leg., ch. 797, at 2028.