MEMORANDUM OPINION


No. 04-04-00339-CV

Armando GARZA, Individually and as Agent for the Texas Department of 
Public Safety, and the Texas Department of Public Safety,
Appellants

v.

Luis Manuel CRUZ and Delia Cruz, Individually and on Behalf of Luis Mateo Cruz, 
Luis Mateo Cruz, Jr., and Caleb Andres Cruz, Minors,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-95-96
Honorable Alex W. Gabert, Judge Presiding
 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   March 9, 2005

REVERSED AND RENDERED
            Armando Garza and the Texas Department of Public Safety appeal the trial court’s order
denying their motion for summary judgment grounded upon official and sovereign immunity. We
hold the trial court erred in denying the motion because the DPS conclusively established it retained
sovereign immunity from the Cruzes’ claims pursuant to the emergency exception to the Texas Tort
Claims Act’s limited waiver of sovereign immunity. We therefore reverse the trial court’s order and
render judgment in favor of Garza and the DPS.
            In their Third Amended Original Petition, the Cruzes seek to recover for personal injuries
they alleged they sustained as a result of a collision between Cruz’s pickup truck and Garza’s patrol
car during a traffic stop. On original submission, we reversed the trial court’s order denying Garza’s
and the DPS’s motion for summary judgment insofar as it denied summary judgment on the Cruzes’
intentional tort claims and rendered judgment in Garza’s and DPS’s favor on these claims. Garza
v. Cruz, No. 04-99-00947-CV, slip op. at 9, 2000 wl 1210894, AT *4 (Tex. App.–San Antonio Aug.
16, 2000, pet. dism’d w.o.j.) (not designated for publication). In all other respects, we affirmed. Id.
After the case was returned to the trial court, Garza and DPS attempted to remedy the defects in their
proof and again moved for summary judgment. The trial court again denied the motion; and Garza
and DPS have again appealed. 
            1.         Most of the DPS’s brief is devoted to its argument that the trial court erred in denying
its motion for summary judgment because the Cruzes failed to give it formal notice, and it did not
acquire actual notice, of the Cruzes’ claims. However, our jurisdiction in this interlocutory appeal
is limited to the trial court’s denial of “a motion for summary judgment that is based on an assertion
of immunity by an individual who is an officer or employee of the state or a political subdivision of
the state” or “grants or denies a plea to the jurisdiction by a governmental unit.” Tex. Civ. Prac. &
Rem. Code Ann. § 50.014(a)(5) (Vernon Supp. 2004); id. § 50.014(a)(8). Whether the DPS and
Garza are immune is not implicated by whether the DPS received formal or actual notice of the
Cruzes’ claims; and, after the DPS filed its brief in this case, the Supreme Court of Texas held that
the notice requirement is not jurisdictional. University of Texas Southwestern Med. Ctr. at Dallas
v. Loutzenhiser, 140 S.W.3d 351 (Tex. 2004); Texas Dep’t Criminal Justice v. Simons, 140 S.W.3d
338, 348-49 (Tex. 2004). Consequently, we do not have jurisdiction to review and will not address
the DPS’s notice arguments.



            2.         The DPS next argues the trial court erred in denying its motion for summary judgment
on the ground that it retains its sovereign immunity in a suit, like the Cruzes’, involving an employee
reacting to an emergency situation. In support of its argument, the DPS cites section 101.055(2) of
the Texas Tort Claims Act and City of Amarillo v. Martin, 971 S.W.2d 426 (Tex. 1998). Section
101.055(2) contains the “emergency exception” to the Tort Claims Act’s limited waiver of sovereign
immunity and provides as follows:
This chapter does not apply to a claim arising:
 
...
 
(2)from the action of an employee while responding to an emergency call or
reacting to an emergency situation if the action is in compliance with the laws and
ordinances applicable to emergency action, or in the absence of such a law or
ordinance, if the action is not taken with conscious indifference or reckless disregard
for the safety of others.

Tex. Civ. Prac. & Rem. Code Ann. § 101.055 (Vernon 1997). In Martin, the supreme court
addressed the interplay between the emergency exception and the predecessor of section 546.005 of
the Texas Transportation Code, which provides as follows:
This chapter does not relieve the operator of an authorized emergency vehicle from:
 
(1)the duty to operate the vehicle with appropriate regard for the safety of all
persons; or
 
(2)the consequences of reckless disregard for the safety of others. 

Tex. Transp. Code Ann. § 546.005 (Vernon 1999). Ultimately, the supreme court held section
546.005 “imposes liability for reckless operation of an emergency vehicle in an emergency
situation.” Martin, 971 S.W.2d at 430. Accordingly, for a plaintiff to prevail in these circumstances
he must plead and prove that the governmental employee was reckless. Id. at 432.
            In support of its motion for summary judgment on its affirmative defense of sovereign
immunity under the emergency exception, the DPS tendered two affidavits of John B. Ramirez who
investigated the accident and who testified as follows:
When [Cruz’s] truck began to roll back towards the patrol car, Trooper Garza was
faced with an emergency situation. A reasonably prudent officer, in the same or
similar situation as faced by Trooper Garza, would attempt to keep the truck off the
highway until traffic passed. The action of Trooper Garza hitting the truck’s right rear
bumper with his left front bumper and holding the truck from going completely onto
U.S. 83 until traffic had passed, when he let the truck proceed was a proper action
due to the fact there was a car coming towards the patrol car going westbound and
a truck coming eastbound on U.S. 83. ... If Trooper Garza had not taken evasive
actions, Trooper Garza, the Plaintiff or other citizens on the road could have been
seriously injured or killed.
 
...
 
I did not find that either the Texas Department of Public Safety or Trooper Garza
were in anyway responsible for the accident in question. ....I was not aware of any
fault of the Texas Department of Public Safety or Trooper Garza in causing the
accident.

Ramirez thus conclusively established that Garza was reacting to an emergency situation and negated
that Garza acted recklessly and shifted the burden to the Cruzes to raise a fact issue on recklessness.
They failed to do so. Although they pleaded that Garza acted recklessly in their Third Amended
Original Petition, their response to the motion for summary judgment sought to establish that Garza
created the emergency situation. The Cruzes thus supported their response with Cruz’s testimony
that, when he stopped his truck, he put it in park; and it remained in park “until trooper Armando
Garza searched it.” According to Cruz, “[t]he only thing that could have caused my truck to move
were the actions of trooper Armando Garza when he entered and searched my truck.” Cruz’s expert
witness, David Rodriguez, a patrolman with the Houston Police Department, assumed the truth of
Cruz’s version of the events and testified by affidavit that Garza negligently created the situation by
failing to secure Cruz’s truck. Although Rodriguez states that Garza’s acts in responding to the
situation created risks of injury, he does not assess Garza’s actions in light of the situation and the
available alternatives. In fact, the only alternative Rodriguez discusses is “avoid[ing] the incident
... completely, by properly securing the vehicle.” However, the Cruzes do not allege the damage to
Cruz’s truck and their personal injuries were caused by his truck rolling backwards; they allege the
property damage and personal injuries were caused by Garza’s response to Cruz’s truck rolling
backwards – using his patrol car in an effort to stop or at least delay Cruz’s truck from entering the
highway in the path of an oncoming vehicle. Accordingly, the only fact issue created by the Cruzes’
response – whose actions caused the truck to roll backwards – is immaterial and does not defeat
summary judgment.
            The Cruzes also argue the DPS is not immune under the emergency exception because Garza
used his patrol car as a “deterrent.” In support of their argument, the Cruzes cite Langley v. City of
Amarillo, 579 S.W.2d 351 (Tex. Civ. App.–Amarillo 1979, writ ref’d n.r.e.). However, in Langley,
“[t]he police officer who was driving the car involved in the accident testified by deposition ... that
he did not feel he was acting in an emergency situation,” id. at 352, while in this case, Garza testified
by affidavit that, “[w]hen [Cruz’s] truck began to roll back towards the patrol car, I was faced with
an emergency situation.”
            Because the DPS’s summary judgment evidence conclusively establishes that Garza’s
response to an emergency situation – Cruz’s truck rolling backwards towards the highway while
other vehicles approached – was not reckless, and the Cruzes’ summary judgment evidence fails to
raise a fact issue on recklessness, the trial court erred in denying the DPS’s motion for summary
judgment.
            2.         Because the DPS is entitled to a summary judgment in its favor, Garza is likewise
entitled to a judgment in his favor. See Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995)
(“judgment in an action against a governmental unit under the Tort Claims Act bars the .. rendition
of judgment against the employee whose actions gave rise to the claim”).
            The trial court’s order is reversed and judgment is rendered that the cause against the DPS
is dismissed for want of jurisdiction and that the Cruzes take nothing in their suit against Garza. 
 
Sarah B. Duncan, Justice