**Elvira G. SALINAS, Individually and as next friend of Maria De Jesus De Salinas, et al.**

v.

**Porfirio L. FLORES, Individually and as Sheriff of Webb County, Texas, et al.**

Civ. A. No. 73-L-3.

United States District Court,
S. D. Texas,
Laredo Division.
April 6, 1973.

Robert O'Conor, Jr., and Nat B. King, Laredo, Tex., for plaintiffs.

Julio A. Garcia, and J. G. Hornberger, Laredo, Tex., for defendants.

## ORDER

OWEN D. COX, District Judge.

This Civil Rights action was filed pursuant to Article 4675 of the Vernon's Ann. Revised Civil Statutes of Texas and Title 42, Section 1983, of the United States Code, to redress the alleged deprivation of rights, privileges and immunities secured to Maximiano Salinas, now deceased, by the Constitution of the United States.

The Plaintiffs herein are Elvira G. Salinas, as the surviving wife of Maximiano Salinas, and as next friend for twelve minor children of Elvira G. Salinas and Maximiano Salinas, and the surviving parents of Maximiano Salinas, Alfonso Salinas and Maria Salinas. Named as Defendants herein are Porfirio L. Flores, individually and as Sheriff of Webb County, Texas; and Western Surety Company, surety on the official bond of Porfirio L. Flores; Raul S. Lugo, Roberto Garcia, and Augustin Cobos, individually and as Deputy Sheriffs of Webb County, Texas; Alberto A. Santos, individually and as County Judge of Webb County, Texas; Johnny Byrd, individually and as a police officer of the City of Laredo, Texas, a municipal corporation; J. C. Martin, as Mayor of the City of Laredo, Webb County, Texas; M. V. Weeks, individually and as Chief of Police of the City of Laredo, Webb County, Texas; the City of Laredo, a municipal corporation; and Webb County, Texas, a body politic.

Now before the Court are motions to dismiss the complaint filed by various Defendants herein. Before passing upon these motions, a brief review of the alleged facts is necessary to determine the relationship of the parties named as Defendants to this litigation. Plaintiffs allege that Maximiano Salinas was driving a truck, at about five o'clock in the afternoon of April 17, 1971, in Laredo, Webb County, Texas. He suffered a heart attack. His truck went out of control and struck a utility pole. They further claim that Defendant Johnny Byrd, a police officer of the City of Laredo, arrived on the scene simultaneously with an ambulance owned by a private service. Defendant Byrd determined to place Salinas in jail, believing him to have been intoxicated. Plaintiffs contend that Salinas was obviously injured. Nevertheless, Salinas was "booked" at Laredo Police Headquarters. Even though advised that Salinas was ill, Officer Byrd placed him in the Webb County Jail. And, they further allege that Deputy Sheriffs Lugo and Garcia were on duty at the jail at the time Salinas was brought to the jail,

and assisted in placing him in a cell, although aware of his condition. Nevertheless, Deputy Sheriffs Lugo and Garcia made no effort to procure medical attention. Thereafter, Salinas died in the cell.

■ Under the foregoing allegations, the Court is of the opinion that the Plaintiffs have stated a cause of action under Title 42, Section 1983, of the United States Code, and this Court has pendant jurisdiction of any claim under Texas law.

■ The City of Laredo is sued in its capacity as employer of Defendants Byrd and Weeks. A municipality is not a "person" within the meaning of Section 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The Plaintiffs have asserted that a recent Supreme Court opinion, The District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), vitiates the holding in Monroe v. Pape. But this Court cannot agree. The City of Laredo, under the alleged facts, cannot be held liable under the laws of Texas. Burnett v. City of Houston, 442 S.W.2d 919 (Tex.Civ.App.1969), error refused. Thus, the Plaintiffs have not stated a cause of action against the City of Laredo. The motion of the City of Laredo, Webb County, Texas, to dismiss should be granted.

Webb County, Texas, has also moved to be dismissed as a party Defendant herein. The County, like the City of Laredo, is not a "person" within the meaning of Section 1983. Monroe v. Pape, supra. Likewise, the County has no liability under the Texas Tort Claims Act, Article 6252–19, Revised Civil Statutes of Texas. Section 3 of that Article expressly states under what conditions governmental units may be held liable. Section 14(9) expressly exempts "any claims based on . . . or arising out of the failure to provide, or the method of providing, police or fire protection." See also Johnny Coward v. Herman Short, C.A. No. 70–H–1313 (S. D.Tex.1972). The motion to dismiss the County should be granted.

■ Defendants Martin and Weeks, Mayor and Chief of Police, respectively, of the City of Laredo, also assert they are not liable to Plaintiffs under 42 U. S.C. § 1983. These two Defendants disclaim liability for any acts committed by individual police officers which are done out of their presence or without their participation, knowledge, or approval, or without any direction from them. Defendants Martin and Weeks have filed affidavits in which they respectively swear that they were not present when the events, upon which Plaintiffs' claims rest, took place, and that they did not direct or order the arrest of Maximiano Salinas or have any knowledge of it. These affidavits are factually controverted. This Court concludes these municipal officials did not incur any liability in this matter under federal or state law. Coward v. Short, supra, citing Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971); Stinnett v. City of Sherman, 43 S.W. 847 (Tex.Civ.App.1897). Therefore, the motions of the Defendants Martin and Weeks to be dismissed as parties Defendant should be granted.

■■ Albert A. Santos, individually and in his capacity as Judge of the County Commissioners Court, Webb County, Texas, also has moved for a dismissal. It appears that the Judge of the County Commissioners Court was in no way personally involved in the events which gave rise to this lawsuit. Therefore, the motion to dismiss on behalf of Defendant Santos should be granted. Anderson v. Nosser, supra. Moreover, the Judge was acting in an official capacity, enjoying immunity from liability in an action based on 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966).

■ The Defendant Porfirio Flores, Sheriff of Webb County, Texas, has also moved for dismissal of the cause of action against him. While the Defendant concedes that he is liable for his deputies, under Article 5116 and Article 6870

of the Texas Revised Civil Statutes, he grounds his motion to dismiss on the contention that Section 1983 will not support an action based upon negligent conduct. This contention is not well taken. See Fitzke v. Shappell, 468 F.2d 1072 (6th Cir. 1972); Roberts v. Williams, 302 F.Supp. 972 (N.D.Miss.1969); Hesselgesser v. Reilly, 440 F.2d 901 (9th Cir. 1972). The motion to dismiss Porfirio Flores, Sheriff of Webb County, Texas, should be denied. For these same reasons, Defendant's Western Surety Company, surety on the official bond of the said Porfirio L. Flores, motion also should be denied.

The motions to dismiss filed by Defendants Raul S. Lugo, Roberto Garcia, and Augustin Cobos, individually and as Deputy Sheriffs of Webb County, Texas, are without merit and should be denied.

It is, therefore, ordered that this suit is dismissed as to Defendants City of Laredo, Texas, a municipal corporation; Webb County, Texas, a body politic; J. C. Martin, as Mayor of the City of Laredo, Webb County, Texas; M. V. Weeks, individually and as Chief of Police of the City of Laredo, Texas; and Alberto A. Santos, individually and as County Judge of Webb County, Texas. The motions filed by Defendants Porfirio L. Flores, individually and as Sheriff of Webb County, Texas; Western Surety Company, surety on the official bond of Porfirio L. Flores; and Raul S. Lugo, Roberto Garcia, and Augustin Cobos, individually and as Deputy Sheriffs of Webb County, Texas, that this suit be dismissed as to them, are denied.

The effect of this memorandum and order is to leave Porfirio L. Flores, individually and as Sheriff of Webb County, Texas; The Western Surety Company, surety on the official bond of the said Porfirio L. Flores; Raul S. Lugo, Roberto Garcia, and Augustin Cobos, individually and as Deputy Sheriffs of Webb County, Texas; Johnny Byrd, individually and as a police officer of the City of Laredo, Texas, as Defendants in this lawsuit.