Willie P. CLABON et al., Appellants,

v.

HARRIS COUNTY HOSPITAL
DISTRICT, Appellee.

No. 1804.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 24, 1978.
Rehearing Denied June 14, 1978.

Richard P. Hogan, Rodney V. Steinberg, Helm, Pletcher, Hogan & Burrow, Houston, for appellants.

Joe Resweber, County Atty., Oliver J. Guiberteau, Asst. County Atty., Houston, for appellee.

BROWN, Chief Justice.

This is an appeal from a summary judgment granted the defendant in a wrongful death action on the basis of governmental immunity.

The Harris County Hospital District (appellee) is a governmental subdivision of the State of Texas. C. L. Clabon was admitted to Ben Taub General Hospital, a facility operated by the appellee, on June 12, 1974 for treatment of a pulmonary function disorder. Hospital personnel began administering oxygen to him on June 16, 1974. He was in a confused mental state and had to be physically restrained. At approximately 4:15 a. m. on June 17, while C. L. Clabon was strapped to his bed and receiving oxygen, an unknown source ignited his oxygen-saturated bed linens and he burned to death. A patient from another room was discovered in the deceased's room immediately after the fire.

The appellants, who are the survivors of C. L. Clabon, instituted this wrongful death action against the appellee. The appellee answered and moved for summary judgment, which the trial court granted on October 11, 1977[1] for the reason that the appellee is immune from liability under the

---

1. Amendments to Tex.R.Civ.P. 166–A, effective January 1, 1978, are inapplicable in this case since judgment was rendered prior to that date.

common law doctrine of governmental immunity.

The appellants contend, in their sole point of error, that the trial court erred in granting summary judgment.[2] We note, initially, that summary judgment is a harsh remedy, and it may be upheld only if the record establishes the movant's right thereto as a matter of law. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.Sup.1975); Tex.R.Civ.P. 166–A. Rule 166–A, the summary judgment rule, is therefore strictly construed against the movant, and summary judgment should be granted only if the record establishes as a matter of law that there is no genuine issue as to any material fact in the case. *In re Price's Estate*, 375 S.W.2d 900 (Tex.Sup. 1964).

The appellants contend that the appellee's alleged negligence in failing to supervise adequately the use of oxygen equipment to administer oxygen to C. L. Clabon and in providing warning signs inadequate to discourage unauthorized personnel from entering the hospital room bring this case within the limited waiver of immunity provisions of the Texas Tort Claims Act. The act provides:

*Each unit of government in the state shall be liable for money damages for* property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or *death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances*

*where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.* Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Supp.1978) (emphasis added).

The appellee asserts that C. L. Clabon's death was not caused by "some condition or some use" of the oxygen equipment because the equipment was neither defective nor improperly installed, and because the equipment did not require constant supervision. We reject this argument. There was deposition testimony that the oxygen mask used in this case was of a type that allows oxygen, which supports combustion, to seep out of the mask and saturate bed linens. An allegation that C. L. Clabon's death was caused by a failure to provide adequate supervision of the use of that oxygen equipment, when its use was known to increase the risk and severity of fire, is an allegation that his death was caused by some use of tangible property. The allegation that the warning sign placed on C. L. Clabon's hospital room door was inadequate to discourage the entry of unauthorized persons into the room is, likewise, a claim that Clabon's death was caused by some condition or some use of tangible property. We hold that the appellants alleged a cause of action within the limited waiver of immunity provisions of the Texas Tort Claims Act. *See Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.Sup.1976); *Overton Memorial Hospital v. McGuire*, 518 S.W.2d 528 (Tex.Sup. 1975); *Mokry v. University of Tex. Health Science Ctr.*, 529 S.W.2d 802 (Tex.Civ.App. —Dallas 1975, writ ref'd n. r. e.); Tex.Rev. Civ.Stat.Ann. art. 6252–19, § 3 (Supp.1978). Whether the hospital negligently failed to

---

**2.** That point is sufficient to challenge the summary judgment on appeal. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.Sup.1970); Tex.R.Civ.P. 418.

provide adequate supervision of the use of the oxygen equipment or negligently provided inadequate warning signs are fact questions that should be resolved in a trial on the merits. The trial court erred, therefore, in granting summary judgment.

The appellants' point of error having been sustained, the judgment of the trial court is reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.