John R. JENKINS, Appellant,

v.

STATE of Texas et al., Appellees.

No. 1820

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 2, 1978.

Rehearing Denied Aug. 23, 1978.

W. Douglas Matthews, Schmidt & Matthews, Houston, for appellant.

John L. Hill, Atty. Gen., Jack Sparks, Asst. Atty. Gen., Austin, David M. Kendall, Jr., First Asst. Atty. Gen., Robert Steve Bickerstaff, Jr., Asst. Atty. Gen., Austin, for appellees.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment sustaining a plea in abatement in a suit for personal injuries under the Texas Tort Claims Act.

John R. Jenkins (appellant) filed suit against six governmental entities and two individuals on May 25, 1976. He alleged that he received improper and negligent medical treatment in 1973 and 1974 while he was incarcerated in three different penal institutions managed by the eight defendants. The appellant further alleged that, as a result of that improper and negligent treatment, he experienced repeated epileptic seizures and convulsions and thereby sustained severe personal injuries. Three of the defendants filed a "Plea to the Jurisdiction, Plea in Abatement and Original Answer."

Without hearing any evidence, the trial court rendered an amended judgment in which it severed the appellant's cause of action against two of those three defendants, the State of Texas and the Texas Department of Corrections, and sustained a plea in abatement for want of jurisdiction as to those two defendants (appellees). In his appeal from the amended judgment sustaining the plea in abatement, the appellant has assigned six points of error.

The appellant contends, in his first point, that the trial court erred in sustaining the plea in abatement for want of jurisdiction because the court did in fact have jurisdiction over the appellees. This action for personal injuries was brought under the limited waiver of governmental immunity provided by the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), *as amended,* (Supp. 1978). Section 5 of the Torts Claims Act provides: "All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises." Tex. Rev.Civ.Stat.Ann. art. 6252–19, § 5 (1970). The appellant alleged, in his first amended petition, that he was injured while imprisoned in penal facilities in Harris and Walker Counties. He asserted that his injuries were caused by the defendants' negligence and negligent use of tangible property, but he did not specify the location where the alleged acts of negligence attributable to the two appellees occurred.

■ Since the trial court granted the plea in abatement without hearing any evidence, the court's action was tantamount to sustaining a general demurrer to the first amended petition. *Turman Oil Co. v. Roberts,* 96 S.W.2d 724 (Tex.Civ.App.-Austin 1936, writ ref'd). We must therefore accept the appellant's allegations of fact in the petition as true and indulge every reasonable inference in support thereof. *Longoria v. Alamia,* 149 Tex. 234, 230 S.W.2d 1022 (1950). One reasonable inference that could be drawn from the appellant's allegations is that his injuries were caused by the appellees' negligence and negligent use of tangible property in Harris County and, thus, that a part of his cause of action arose in Harris County. We hold, therefore, that the trial court erred in sustaining the plea in abatement for want of jurisdiction.

Having thus sustained the appellant's first point, we will consider the other grounds urged by the appellees in order to determine whether the judgment may be upheld on any of those grounds. *See* Tex. R.Civ.P. 434.

■ In his first amended petition, the appellant alleged that he was injured on or before March 9, 1974, while imprisoned in penal institutions operated by the defendants. He further alleged that he was released from prison on or about September 9, 1974. He filed this lawsuit on May 25, 1976, within two years of his release from prison but more than two years after his cause of action allegedly arose. The appellees contend that the appellant's claim is therefore barred by the two-year statute of limitations. *See* Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). That contention is without merit. The statute of limitations was tolled during the period of the appellant's imprisonment and did not begin to run until after his release on September 9, 1974. Tex.Rev. Civ.Stat.Ann. art. 5535 (Supp. 1978). The statute of limitations did not expire until September 9, 1976, more than three months after the appellant filed suit.

■ The appellees also contend that the judgment sustaining the plea in abatement should be affirmed because the appellant's petition failed to allege a cause of action under the Tort Claims Act. The Act provides, in part:

> *Each unit of government in the state shall be liable for money damages for* property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or *death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.* Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Supp. 1978) (emphasis added). The appellees assert that the appellant did not allege a cause of action against them because he did not allege in his petition that he sustained personal injuries "caused from some condition or some use of tangible property . . . ." The first amended petition contained the general allegation, however, that the appellant was injured "due to the negligence and *negligent use of tangible property* by the Defendants and by and through their agents, servants and employees." (Emphasis added). Since we must accept as true the factual allegations contained in the petition, *Longoria v. Alamia, supra,* we hold

that the appellant did state a cause of action under the Tort Claims Act for injuries caused by the use of tangible property.

None of the parties to this appeal has referred in the briefs or oral arguments to the above-quoted language. The appellant has not claimed on appeal that his general allegation stated a cause of action under the Torts Claims Act; he has argued, instead, that the petition stated a cause of action since it contained the specific allegations that the appellees (1) negligently used his medical records by "failing to timely obtain them . . . and to properly use them after receiving them," and (2) negligently used certain medications by failing to administer those medications to him. The appellees assert that those allegations are not allegations that the appellant's injuries were caused by some use of tangible property, but are allegations that his injuries were caused by the appellees' failure to diagnose and treat his epileptic condition properly. The appellees also argue that they are not liable for injuries caused by the use of the appellant's medical records because those records were not prepared, furnished, controlled or owned by the appellees.

 The extent to which the Legislature has waived governmental immunity in situations where personal injuries are caused by "some use of tangible property" has been described by one court of civil appeals as "far from clear." *Beggs v. Texas Dep't of Mental Health & Mental Ret.*, 496 S.W.2d 252, 254 (Tex.Civ.App.-San Antonio 1973, writ ref'd). We are, nevertheless, enjoined to construe that provision liberally in order to achieve the purposes of the Tort Claims Act. Tex.Rev.Civ.Stat. Ann. art. 6252–19, § 13 (1970). We therefore hold that the provision for waiver of immunity for personal injuries negligently caused by "some use of tangible property," contained in section 5 of the Act, subjects governmental units to liability for personal injuries negligently caused by the *nonuse* of tangible property. *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex. 1976); *Clabon v. Harris County Hospital District*,

567 S.W.2d 71 (Tex.Civ.App.-Houston [14th Dist.], May 24, 1978, writ filed); *Mokry v. University of Tex. Health Science Ctr.*, 529 S.W.2d 802 (Tex.Civ.App.-Dallas 1975, writ ref'd n.r.e.); *McGuire v. Overton Memorial Hospital*, 514 S.W.2d 79 (Tex.Civ.App.-Tyler 1974), *writ ref'd n.r.e. per curiam*, 518 S.W.2d 528 (Tex. 1975). We appreciate that there are factual differences between those cases and this one. We also recognize that this case presents the very question that concerned Chief Justice Greenhill in his concurring opinion in *Lowe v. Texas Tech University, supra*, and we join him in encouraging the Legislature to clarify the extent to which it intended to waive governmental immunity.

 We also reject the appellees' argument that they are not liable for injuries caused by use of medical records that were not prepared, furnished, controlled or owned by them. We note, initially, that it is by no means certain that those records were not prepared, furnished, controlled or owned by the appellees. Even if the records were not, however, the appellant successfully alleged a cause of action against the appellees under the Tort Claims Act when he alleged that his injuries were caused by the negligence of the appellees' employees, *acting within the scope of their employment*, in those employees' use of tangible property. *Hein v. Harris County*, 557 S.W.2d 366 (Tex.Civ.App.-Houston [1st Dist.] 1977, writ ref'd n.r.e.).

 The appellees assert, finally, that the appellant's claim is barred by section 14(9) of the Tort Claims Act. That section provides that governmental immunity is not waived for

[a]ny claim based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection or rebellion or arising out of the failure to provide, or the method or providing, police or fire protection.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 14(9) (1970). The appellees cite the following cases in support of their argument that the appellant's claim is barred because it is based on an injury arising out of the meth-

od of providing police protection: *Salinas v. Flores*, 359 F.Supp. 233 (S.D. Tex. 1973); *Strickland v. City of Denver City*, 559 S.W.2d 116 (Tex.Civ.App.-Eastland 1977, no writ); *Davis v. County of Lubbock*, 486 S.W.2d 109 (Tex.Civ.App.-Amarillo 1972, no writ).

We disagree with the holdings in those cases. Section 14(9) does not shield governmental entities from liability for injuries arising out of their failure to provide, or method of providing, services which are only incidental to, and not integral parts of, the prevention of crime and the apprehension, punishment and rehabilitation of criminals. The provision of medical treatment in penal institutions is incidental to the provision of police protection. A plaintiff who alleges that he sustained injuries because of the negligent use of medical records and medications by a governmental entity is not barred by section 14(9), therefore, from suing that entity under the Torts Claims Act. *Cf. Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex. 1974).

The appellant's first point of error having been sustained, the judgment of the trial court is hereby reversed and the case remanded for a new trial.

Reversed and remanded.