**Walter CUDDY, Appellant,**

v.

**TEXAS DEPARTMENT OF CORREC-TIONS et al., Appellees.**

No. B1899.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 28, 1979.

Rehearing Denied March 21, 1979.

Alfred W. Ellis, Woodruff & Ellis, Dallas, for appellant.

John L. Hill, Atty. Gen., Jack Sparks, Robert Bickerstaff, Jr., Asst. Attys. Gen., Austin, for appellees.

Steve O. McManus, Kilgore, Cole & McManus, Victoria, W. T. Bennett, Bennett & Keeling, Huntsville, amicus curiae.

J. CURTISS BROWN, Chief Justice.

Plaintiff's personal injury suit against the Texas Department of Corrections was dismissed on the pleadings alone pursuant to a plea in abatement based on governmental immunity. The contention on appeal is that this case came within the parameters of permissible recovery allowed by the Texas Tort Claims Act.

Walter Cuddy, (Cuddy or appellant), a prisoner in the Huntsville Division of the Texas Department of Corrections (appellee or TDC), was injured while engaged on a work project clearing certain paths in the Huntsville State Park. The work required the transportation of the prisoners and their tools via a flat-bed trailer attached to a tractor. Appellant's injuries were sustained when the tractor ran over some tree limbs which twisted up around his legs and pulled him off the trailer. Appellant, alleging negligence, brought this suit against TDC and against the individual guards who were supervising the work at the time of injury. The trial court granted TDC's plea in abatement and appellant gave notice of appeal. Final judgment was rendered when appellant took a voluntary non-suit against the individual defendants.

The doctrine of sovereign or governmental immunity has a long and complicated history in the United States. *See generally,* Greenhill & Murtro, *Governmental Immunity,* 49 Tex.L.Rev. 462 (1971) (hereinafter cited as Greenhill & Murtro); Van Alstyne, *Governmental Tort Liability: A Decade of Change,* 1966 U.Ill.L.F. 919; Comment, *The Governmental Immunity Doctrine in Texas—An Analysis and Some Proposed Changes,* 23 Sw.L.J. 341 (1969). Governmental immunity is composed of two legal concepts. The first is that a state cannot be sued in its own courts without its express consent. *Hosner v. DeYoung,* 1 Tex.

764 (1847). The second concept is that even if a state consents to suit, it is not liable in tort for the actions of state employees. *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423 (1936). Hence, if a state consented to a suit against it, the doctrine of respondeat superior was not applicable. *Id.;* Greenhill & Murtro, *supra,* at 462.

In addition to shielding the state, the doctrine of governmental immunity extended also to municipalities, but with one distinction. "Governmental" activities were protected, whereas "proprietary" activities were not. Distinctions between proprietary and governmental functions are sometimes difficult to draw, although there have been numerous attempts to do so. Greenhill, *Should Governmental Immunity for Torts Be Re-Examined, and, If So, By Whom?* 31 Texas B.J. 1036, 1065–66 (1968). In *Dancer v. City of Houston,* 384 S.W.2d 340 (Tex. Sup.1964), Dancer, a prisoner held by the City of Houston was injured while in transit to a worksite. The supreme court stated that:

> it can be said that the City was exercising both proprietary and governmental functions at the time Dancer was injured. Undoubtedly a guard in maintaining custody and control over prisoners is exercising a governmental function. However, one giving direction as to the activities incident to cleaning up the debris in the public park is in essence acting as a supervisor or foreman and in a nongovernmental capacity. . . . Actually Dancer was a workman engaged in removing debris and trash from a city park. The fact that he was also a prisoner . . . should not absolve the City from the duty of exercising ordinary care to protect him from injury.

However, in Texas the governmental/proprietary dichotomy has been held inapplicable to the state. *Hodge v. Lower Colorado River Authority,* 163 S.W.2d 855 (Tex.Civ.App.-Austin 1942, writ dism'd); Greenhill & Murtro, *supra,* at 464. As a result, the State of Texas retained the broad shield of immunity from tort actions until 1970 when the Tort Claims Act was passed.

The Tort Claims Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19 (1970), *as amended,* (Supp.1978), opens with a broad waiver of immunity and consents to suit to the extent of that waiver. But, as a result of concessions and trade-offs, the act is limited by an extensive list of exceptions. Greenhill & Murtro, *supra,* at 468. In application, the Act is limited to torts arising from the use of publicly owned vehicles, from premise defects, and from the use or condition of property. In addition, section 14(9) of the act provides that the "Act shall not apply to: . . . any claim . . . arising out of the failure to provide, or the method of providing, police or fire protection." Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 14(9) (1970).

Section 14(9) has been construed to preclude prisoners from suing for personal injuries allegedly resulting from torts committed by guards. *Davis v. County of Lubbock,* 486 S.W.2d 109 (Tex.Civ.App.-Amarillo 1972, no writ). Likewise in *Lloyd v. University of Texas,* 524 S.W.2d 958 (Tex. Civ.App.-Beaumont 1975, writ ref'd n. r. e.), section 14(9) was held to provide immunity from suit when a prisoner fell out of the police car en route to jail immediately after arrest for driving while intoxicated. The exclusion has also been held to provide immunity to a city for injuries to a prisoner suffering chemical burns when a fire extinguisher was sprayed into a jail cell to put out a fire in the mattress. *Strickland v. City of Denver City,* 559 S.W.2d 116 (Tex. Civ.App.-Eastland 1977, no writ history). *See also, Salinas v. Flores,* 359 F.Supp. 233 (S.D.Tex.1973).

This court has previously considered *Davis, Strickland,* and *Salinas,* and while these cases could have been distinguished on the ground that they involved the failure to provide or the method of providing police protection, we rejected their language as overbroad with respect to the parameters of the exclusion under 14(9). *Jenkins v. State,* 570 S.W.2d 175, 179 (Tex.Civ.App.-Houston [14th Dist.] 1978, no writ history). We held that Section 14(9)

> does not shield governmental entities from liability for injuries arising out of their failure to provide, or method for providing, services which are only incidental to, and not integral parts of, the prevention of crime and the apprehension, punishment and rehabilitation of criminals.

*Id.* We adhere to our reasoning in *Jenkins* and conclude that the methods and procedures being used by the TDC to clear paths in the Huntsville State Park were incidental at most to police protection. *See also, Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.Sup.1976); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex. Sup.1974). As in *Dancer, supra,* the state had undertaken to use prisoners as laborers on a work project. In that respect, the guards in effect were supervisors and the prisoners workmen. The TDC is not in a position to claim at this stage of the proceedings that appellant was injured as a result of activities intended to maintain custody or control over his person.

Since the activities alleged to have resulted in injury to the appellant were not a "method" of providing police protection, section 14(9) is not applicable under the alleged facts of this case. We conclude that it was error to grant TDC's plea in abatement based on governmental immunity, and reverse and remand the case for trial.

Reversed and remanded.