**Kirk Wayne McBRIDE, Appellant,**

v.

**TDCJ–ID, et al., Appellees.**

No. 12–96–00173–CV.

Court of Appeals of Texas, Tyler.

June 27, 1997.

Rehearing Overruled Aug. 28, 1997.

Kirk Wayne McBride, New Boston, for appellant.

Elizabeth M. Cooper, Austin, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Inmate Kirk Wayne McBride ("McBride") sued the Texas Department of Criminal Justice—Institutional Division ("TDCJ–ID") pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 101.001 *et seq.*, commonly known as the Texas Tort Claims Act ("the Act"), for damages resulting from a workrelated injury. He also sued Dr. A.P. Larson ("Larson") for malpractice in treating that injury. The trial court rendered summary judgment in favor of TDCJ–ID and Larson. On appeal, McBride contends that summary judgment was improper because he stated a cause of action under the Act, sovereign immunity did not protect TDCJ–ID, and TDCJ–ID failed to meet its summary judgment burden by establishing that no genuine issue of material fact existed as to its affirmative defenses. McBride also complains that Larson's summary judgment evidence was inadequate to support the judgment. We affirm judgment for Larson and reverse and remand judgment for TDCJ–ID.

We will first address the summary judgment for TDCJ–ID. In his First Amended Petition, McBride alleged that a TDCJ–ID employee ordered him to pack a fifty (50) gallon trash barrel and carry it up a flight of stairs. He complained that the condition of the barrel, namely that it did not have handles, caused him to fall backwards down the stairs, hurting his back and testicle. McBride further alleged that TDCJ–ID's employees were negligent in their implementation of the entity's policy of maintaining a safe workplace, which proximately caused his injuries.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Acker v. Texas Water Comm'n.*, 790 S.W.2d 299, 301–02 (Tex.1990). We must,

therefore, view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47.

■ When a defendant moves for summary judgment based upon an affirmative defense, it bears the burden to expressly present and conclusively prove all elements of the affirmative defense as a matter of law so that no genuine issue of material fact exists. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). The movant-defendant must come forward with summary judgment evidence with respect to each element of the affirmative defense. *Id.* Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a summary judgment motion filed on the basis of an affirmative defense. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 437 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

■ When the trial court does not state the specific grounds on which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). Summary judgment must be affirmed if any of the theories advanced are meritorious. *Id.*

In the instant case, the trial court did not specify upon what basis it granted judgment for TDCJ–ID. Consequently, we must address and evaluate every theory set forth in the governmental entity's motion to determine if summary judgment was proper. TDCJ–ID's theories were as follows: 1) McBride failed to comply with the mandatory notice provision of the Act; 2) McBride failed to state a cause of action under the Act; 3) TDCJ–ID is entitled to sovereign immunity; 4) TDCJ–ID's employee is not liable to McBride as a matter of law; 5) TDCJ–ID's employee is entitled to official immunity, and the official immunity of the employee precludes TDCJ–ID's respondeat superior liability; and 6) TDCJ–ID's acts were discretionary, which are exempted from the waiver of sovereign immunity.

■ In his first point of error, McBride contends that the trial court erred in granting summary judgment on his failure to give notice pursuant to the Act. In order to bring a claim under the Act, a plaintiff must comply with Tex. Civ. Prac. & Rem.Code § 101.101 (Vernon 1986), which mandates that a governmental unit be notified of a claim against it not later than six months after the day that the incident giving rise to the claim occurred. In its summary judgment evidence, TDCJ–ID offered the affidavit of Charles French, the Assistant General Counsel for the TDCJ–ID, who testified that "to the best of my knowledge and belief, this office has not received any Notice of Claims from this Plaintiff." McBride objected that French testified without personal knowledge, and that he was not competent to testify to the facts stated in the affidavit. McBride then offered his own affidavit, stating that he had sent notice to James A. Collins, Director and Administrative Head of the TDCJ–ID, and James A. Shaw, Warden of Coffield Unit of TDCJ–ID, as provided by the Act. Thus, a fact issue remained and TDCJ–ID failed to meet its burden as to notice. TDCJ–ID is not entitled to judgment on this affirmative defense as a matter of law. In further support of this holding, we note that TDCJ–ID neither pled lack of notice as an affirmative defense, nor did it specially except to McBride's failure to plead notice in his First Amended Petition. McBride did plead notice in his Second Amended Petition, which he filed after TDCJ–ID filed its Motion for Summary Judgment, but before the court ruled on the motion. TDCJ–ID neither amended its answer to include a verified denial that notice was given, as required by Tex.R. Civ. P. 93(12) nor did it file a motion to strike McBride's pleading as being untimely. Consequently, TDCJ–ID waived

lack of notice as an affirmative defense. We sustain point of error one.

■ In his second point of error, McBride complains that the trial court erred in granting summary judgment for failing to state a cause of action within the Act. Section 101.021 of the Act states the following: "A governmental unit in the state is liable for: ... (2) personal injury ... so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). TDCJ–ID cites *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995) for the proposition that this section provides for only two kinds of governmental liability: (1) *respondeat superior* liability for negligent acts of a governmental employee; and (2) premise liability. TDCJ–ID further posits that the Act requires a claimant to allege that he suffered personal injury caused by the use of tangible personal property *by* a TDCJ–ID employee. We agree with TDCJ–ID's first proposition, but disagree with its second. To state a cause of action under the Act, McBride's pleadings must allege facts showing that the employee's *negligence* was the proximate cause of his injuries and that the negligent conduct *involved* the use or condition of tangible personal property. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex.1983); *Washington v. City of Houston*, 874 S.W.2d 791, 795 (Tex.App.—Texarkana 1994, no writ). To allege a claim involving the "condition" of property, it is sufficient to allege that defective or inadequate property contributed to the injury. *Salcedo*, 659 S.W.2d at 31–2.

There are numerous cases which hold that *furnishing* inadequate, inappropriate, or defective personal tangible property which causes injury can create liability. For example, in *Lowe v. Texas Tech*, 540 S.W.2d 297, 300 (Tex.1976), the Court held that the university was liable for injuries caused by the inadequate protective equipment it provided to a football player. And in *Texas Dept. of Corrections v. Jackson*, 661 S.W.2d 154, 158

(Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), the court held that when an inmate plaintiff alleged his injuries were caused by the prison's negligence in furnishing a tool belt which was insufficient or inappropriate for the purpose for which it was used, his pleadings were sufficient to bring him within the waiver of governmental immunity created by the Act.

As stated earlier in this opinion, Appellant alleged in his petition that a TDCJ–ID employee directed him to carry a fifty (50) gallon handleless barrel up the stairs, and that the barrel slipped from his grasp, causing him to fall backwards down the stairs. He further alleged that TDCJ–ID was negligent in furnishing him with a barrel which did not have handles, such defect causing him to lose his balance, proximately causing his injuries. We therefore hold that McBride's claim under the Act has a basis in law. We sustain point of error two.

■ In his third, fourth, and fifth points of error, McBride complains that the trial court erred in granting summary judgment for TDCJ–ID on the basis of sovereign immunity. In its Motion for Summary Judgment, TDCJ–ID argued that because its employee was protected by immunity, TDCJ–ID could not be held liable for its employee's negligence. We agree that a governmental unit is not liable under the "condition or use of property" provision if the employee on whose acts the government's liability is based has official immunity with respect to those acts. *DeWitt*, 904 S.W.2d at 654. We do not agree, however, that the common-law rule that a prison employee cannot be held liable for damages unless his act was intentional, willfully or wantonly negligent, or performed with conscious indifference or reckless disregard for an inmate's safety supplies that immunity. We note that this common-law rule applies to constitutional violations[1], which McBride did not plead. We further observe that there are numerous cases which hold that even though an employee is not liable for a constitutional violation, the governmental entity may still be liable for negli-

1. *Farmer v. Brennan*, 511 U.S. 825, 833–34, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *City* of Waco v. Hester, 805 S.W.2d 807, 816 (Tex. App.—Waco 1990, writ denied).

gence under the Act, even when the claim arises out of the use or condition of tangible property. *See Evans v. City of Marlin,* 986 F.2d 104, 108–09 (5th Cir.1993); *City of Waco v. Hester,* 805 S.W.2d 807, 814–15 (Tex. App.—Waco 1990, writ denied). Moreover, even if this common-law rule did create immunity for its employee, TDCJ–ID failed to offer any summary judgment evidence that its employee, when he directed the inmate to carry the barrel without handles up the stairs, did not act intentionally, with willful or wanton negligence, or with conscious indifference or reckless disregard for McBride's safety.

▆▆▆▆ TDCJ–ID next asserted that its employee was entitled to official immunity because he was performing his (1) discretionary duty (2) in good faith (3) while acting within the scope of his authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994). McBride admits that the prison guard was acting within the scope of his authority in directing him in his work activities. The question, then, is whether TDCJ–ID established that there was no genuine issue of material fact that the employee's duty was "discretionary," and that the employee discharged his duty "in good faith." In its Motion for Summary Judgment, TDCJ–ID opined that "[t]here can be no question that Sergeant Bostic was performing a discretionary duty in the supervision of Plaintiff's work, in good faith, and did not commit any intentional act toward Plaintiff. Sergeant Bostic, therefore, is shielded from liability by official immunity ..." TDCJ–ID's conclusory statement was not summary judgment proof, however, of these two elements of its affirmative defense. As the summary judgment proof failed to establish TDCJ–ID employee's entitlement to official immunity, the court could not grant judgment for TDCJ–ID upon this ground.

▆▆▆▆ TDCJ–ID finally argued in its Motion for Summary Judgment that McBride's allegations involved discretionary acts which are exempted from the waiver of sovereign immunity. We agree that governmental units are immune from liability for the exercise of discretionary powers. The Act does not apply to or waive sovereign immunity for tort claims based on either:

1) The failure of a governmental unit to perform an act that the unit is not required by law to perform; or

2) A governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1986). The TDCJ–ID argues that the Supreme Court has given us guidance in determining what is discretionary and what is ministerial, and that the following definitions should control the instant case: "If an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders of the performance of a duty to which the actor has no choice, are ministerial." *City of Lancaster,* 883 S.W.2d at 654 (*citing Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.)). This standard is easier stated than applied, however. Because of the difficulty in distinguishing between discretionary and ministerial positions, as most duties do involve some discretion, a number of courts have adopted the policy/implementation test. This test requires the application of the exception, and the preclusion of claims, only when the claims are based on governmental decisions at the "policy level," instead of at the "implementational level." *See State v. Terrell,* 588 S.W.2d 784 (Tex.1979); *McKinney v. City of Gainesville,* 814 S.W.2d 862, 866 (Tex.App.— Fort Worth 1991, no writ); *Norton v. Brazos County,* 640 S.W.2d 690, 693 (Tex.App.-Houston 1982, no writ). For example, in *Norton,* the court noted that the legislature required each county to provide jails and to feed its inmates. The court concluded that the county's policy decision to operate and maintain a kitchen on its own premises, rather than have the food catered, was a discretionary act protected by sovereign immunity. The operation and maintenance of the jail's kitchen equipment, on the other hand, was simply the implementation of that policy, not protected by immunity. Thus, a claim based on the county's alleged negligence in securing,

guarding, and maintaining such equipment did not entail review of a policy decision in violation of the Act.

Applying the policy/implementation test to the instant case is easily done. The legislature has mandated that "the institutional division is to provide safe and appropriate confinement, supervision, rehabilitation, and reintegration of adult felons ..." TEX. GOV'T CODE ANN. § 494.001 (Vernon Supp.1991). Additionally, "the director ... may adopt policies governing the humane treatment, training, education, rehabilitation, and discipline of inmates ..." TEX. GOV'T CODE ANN. § 494.002 (Vernon Supp.1991). TDCJ–ID was not required to perform its rehabilitative duties by putting its inmates on work detail.[2] Its decision to do so was a discretionary act or, in other words, a policy decision. In his petition, McBride does not attack the policy of the penal institution to rehabilitate criminals by requiring them to work. He does, however, allege negligence in the incidental procedures of carrying out that policy. Once the TDCJ–ID made the decision to rehabilitate inmates by using them as common laborers, those decisions incidental to the formation of that policy, such as furnishing a particular type of trash barrel for inmates' use, were no longer immune under the exemptions of the Act.

Because TDCJ–ID failed to establish its affirmative defense of sovereign immunity as a matter of law, we sustain points of error three, four, and five.

■ In his last two points of error, McBride complains that the trial court erred in granting summary judgment for Dr. A.P. Larson, the physician who treated McBride's back injury. In his allegations against Larson, McBride asserted that the doctor negligently failed to diagnose and treat his injuries, and failed to protect McBride from further injury when he did not order appropriate work restrictions.

■ In medical malpractice cases, the plaintiff has the burden of establishing: 1) a duty requiring the defendant to conform to a certain standard of conduct; 2) the applicable standard of care and its breach; 3) resulting injury; and 4) a reasonably close causal connection between the alleged breach of the standard of care and the alleged injury. *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied). In his Motion for Summary Judgment, Larson offered his own affidavit to establish, as a matter of law, that he did not breach the applicable standard of care, and that McBride suffered no injury due to any negligence in treating or diagnosing McBride. McBride, on the other hand, offered no expert testimony controverting Larson's affidavit as to either of these two elements. He did, however, object to Larson's affidavit, complaining that it was not competent summary judgment evidence. McBride also objected that the affidavit was a self-serving statement by an interested party.

■ A defendant physician is entitled to summary judgment if the proof establishes, as a matter of law, that no genuine issue of fact exists as to one or more of the essential elements of a plaintiff's cause of action. *White v. Wah*, 789 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1990, no writ). When a defendant physician moves for summary judgment in a medical malpractice suit, he must offer testimony to support the judgment in the form of an affidavit or deposition by an expert. *Id.* at 315–16. He may properly rely upon his own affidavit in support of that motion. *Knapp v. Eppright*, 783 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1989, no writ). Once the defendant doctor presents competent evidence regarding the standard of care, or any other issue in dispute during a medical malpractice suit, the plaintiff may only raise a fact issue by presenting another comparable doctor's testimony. *White*, 789 S.W.2d at 316.

Larson, by way of affidavit, testified that he earned his medical degree from the University of Texas at Galveston in 1952, and that he had been practicing medicine for 44 years. He gave an account of the circumstances in which he treated McBride, stated his diagnosis, and then described the specific medical care which he prescribed for the

---

**2.** As of September 1, 1995, requiring inmates to work is no longer discretionary, but is mandated by law. TEX. GOV'T CODE ANN. § 497.090 (Vernon Supp.1996).

injury. Larson claimed to be familiar with the accepted and reasonable standard of care in treating a patient with a strain of the lumbro-sacral region, and opined as to what a reasonable and prudent physician would do under similar circumstances. He went on to conclude that he acted in accordance with the standard of care prevalent in Anderson County, Texas. Larson also stated that, based upon reasonable medical probability, no act or omission on his part caused damage to McBride. McBride failed to provide competent summary judgment evidence controverting Larson's statements regarding standard of care and injury. We conclude that Larson established that there were no genuine issues of material fact in regards to breach and injury, and that he was entitled to summary judgment as a matter of law. We overrule points of error six and seven.

We affirm summary judgment for Larson, and reverse summary judgment for TDCJ–ID and remand for further trial court proceedings.